UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCHNUCK MARKETS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 4:13-CV-2226-JAR |
| v. | : | |
| | : | The Honorable John A. Ross |
| FIRST DATA MERCHANT DATA SERVICES CORP., and | : | |
| CITICORP PAYMENT SERVICES, INC., | : | |
| Defendants. | | |

**UNCONTESTED MOTION OF DEFENDANTS
FIRST DATA MERCHANT SERVICES CORP.
AND CITICORP PAYMENT SERVICES, INC. TO FILE
<u>UNDER SEAL EXHIBITS TO THEIR COUNTERCLAIM</u>**

Defendants, First Data Merchant Services Corp. ("First Data") and Citicorp Payment Services, Inc. ("Citicorp") (collectively, "Defendants"), by and through undersigned counsel, file this uncontested motion to file under seal ceratin of the exhibits to Defendants' counterclaim against plaintiff, Schnuck Markets, Inc. ("Schnucks"). Schnucks consents to Defendants' motion.

1. Contemporaneous with this Motion, Defendants filed an answer with affirmative defenses and counterclaim (the "Counterclaim") seeking a declaratory judgment against Schnucks.

2. Consistent with the Local Rules, as well as a long-standing agreement between the parties, Defendants redacted certain information from Exhibit A and Exhibit B to their Counterclaim.

3. In order to protect the confidentiality of the redacted information, Defendants request that the Court seal the unredacted versions of Exhibit A and Exhibit B to the Counterclaim.

4. Local Rule 5-2.17(A) requires parties to redact "personal identifiers" such as Social Security numbers, financial account numbers and home addressess from all documents filed with the Court.

5. Local Rule 5-2.17(B) states that, "[p]arties must, in addition to the redacted filing, file under seal with the Court either (1) an unredacted copy of the document, or (2) a reference sheet containing a key to the redacted personal identifiers.  All paper documents filed under seal are subject to the provisions of Local Rule 13.05."

6. Local Rule 83-13.05(A) provides that, "[u]pon a showing of good cause the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal."

7. In civil proceedings, "[t]here is a common-law right of access to judicial records," but that right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).

8. As explained by the Supreme Court, "The common law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (other citations omitted).

9. Where the common law right of access is implicated, the Court must balance the interests served by maintaining the confidential nature of a document against the interference sealing the document poses to the public's right to access the information sought to be sealed.

*IDT Corp.,* 709 F.3d at 1223 (*citing Webster Groves School District v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).

10. The Eighth Circuit does not recognize a "strong presumption" in favor of the common law right to access judicial records. *United States v. McDougal*, 103 F.3d 651, 655 (8th Cir. 1996) (*citing United States v. Webbe*, 791 F.2d 103, 106) (8th Cir. 1986)).

11. Instead, the appropriate weight given the presumption of public access to judicial records is derived from the role the documents play "in determining litigants' substantive rights – conduct at the heart of Article III." *U.S. v. Amodeo*, 71 F.3d 1044, 1049) (2nd Cir. 1995) (other citations omitted) (*cited by IDT Corp.*, 709 F.3d at 1224).

12. Exhbit A to the Counterclaim is a redacted copy of a Master Services Agreement (the "Master Services Agreement") that Defendants and Schnucks entered into in or about October 2011. Under the Master Services Agreement, Defendants agreed to provide certain credit and debit card processing services for Schnucks.

13. Consistent with Local Rule 5-2.17, Defendants redacted certain personal data identifiers from the Master Services Agreement (Exhibit A). Specifically, Defendants redacted: (i) Schnucks' taxpayer identification no.; (ii) the name of the relevant contact person at Schnucks; and (iii) the facsimile number for that person.

14. Schnucks consents with these redactions.

15. Exhibit B to the Counterclaim is a redacted copy of a Bankcard Addendum to the Master Services Agreement (the "Bankcard Addendum") that Defendants and Schnucks entered into in connection with the Master Services Agreement.

16. Throughout the parties' relationship, they have had a long-standing agreement to keep confidential any and all financial and pricing information related to the services performed under the Master Services Agreement and Bankcard Addendum.

17. Consistent with the parties' agreement to keep sensitive financial and pricing information confidential, Defendants redacted such information from the Bankcard Addendum (Exhibit B).

18. Schnucks consents with these redactions.

19. The redacted information contained in Exhibit A and Exhibit B is not in any way relevant to this Court's determination of the parties' substantive rights in this case. Accordingly, the public's interest in access to this judicial document is low. *IDT Corp.*, 709 F.3d at 1224.

20. On the other hand, the redacted information contained in the Master Services Agreement (Exhibit A) relates to identifiers of a business entity, as well as that of an individual. Similarly, the redacted information in the Bankcard Addendum (Exhibit B) is highly confidential and constitutes business-sensitive information. *Nixon*, 435 U.S. at 598 (other citations omitted); *see also Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business … and similar matters will weigh more heavily *against* access ….") (emphasis added).

21. Accordingly, the potential harm in this Court failing to seal the parties' redacted information outweighs the minimal and generalized interest the public might have in accessing such information.

22. Therefore, good cause exists for this Court to shield from public access the redacted information contained in the Master Services Agreement (Exhibit A to the Counterclaim) and the Bankcard Addendum (Exhibit B to the Counterclaim).

WHEREFORE, Plaintiff prays this Court enter an Order:

    A.    Sealing an unredacted copy of the Master Services Agreement (Exhibit A to the Counterclaim);

    B.    Sealing an unredacted copy of the Bankcard Addendum (Exhibit B to the Counterclaim); and

    C.    Granting Defendants such other and further relief as this Court deems just and proper.

WILLIAMS VENKER & SANDERS LLC

By:   */s/ Patrick I. Chavez*
Lucy T. Unger, 36848MO
Patrick I. Chavez, 47732MO
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
314/345-5000
314/345-5055 (FAX)
lunger@wvslaw.com
pchavez@wvslaw.com

ATTORNEYS FOR DEFENDANTS/COUNTERCLAIM PLAINTIFFS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.

Dated: January 21, 2014

# CERTIFICATE OF SERVICE

I certify that on this 21st day of January 2014, the foregoing was electronically filed with the Clerk of the Eastern District of Missouri, using the CM/ECF system, to be served by operation of the Court's electronic filing system upon all counsel of record.

        */s/ Patrick I. Chavez*