**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SCHNUCK MARKETS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-2226-JAR |
| ) | |
| FIRST DATA MERCHANT DATA ) | |
| SERVICES CORP., and CITICORP ) | |
| PAYMENT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF COUNTERCLAIM DEFENDANT/PLAINTIFF SCHNUCK MARKETS, INC. WITH AFFIRMATIVE DEFENSES**

Counterclaim Defendant/Plaintiff Schnuck Markets, Inc. ("Schnucks"), by and through undersigned counsel, submits this answer to the counterclaim filed by Counterclaim Plaintiffs/Defendants First Data Merchant Services Corp. and Citicorp Payment Services, Inc. (collectively, "Counterclaim Defendants"), and asserts the following affirmative defenses:

**The Parties**

1. Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies such allegations.

2. Admitted in part; denied in part. Schnucks admits that First Data is in the business of processing credit and debit card transactions for merchants. Schnucks is without knowledge or information sufficient to form a belief as to the reference to "among other things", and therefore denies the same.

3. Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies such allegations.

4.      Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, and therefore denies such allegations.

**The MSA**

5.      Admitted in part; denied in part. Schnucks admits that it entered into the Master Services Agreement with First Data. Schnucks is without knowledge or information sufficient to form a belief as to the reference to "certain", and therefore denies the same.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Schnucks admits that the quoted text is contained in Section 13.3 of the Bankcard Addendum except for the text in the brackets.

10.     Schnucks admits that the quoted text is contained in Section 13.5 of the Bankcard Addendum except for the text in the brackets.

11.     Schnucks admits that the quoted text is contained in Section 25 of the Bankcard Addendum.

12.     Schnucks admits that the quoted text is contained in Section 25 of the Bankcard Addendum except for the text in the bracket.

13.     Denied. By way of further response, the following language is not in Section 4.9 of the Operating Procedures attached as Exhibit C to Counterclaim Defendants' Answer: "or caused Cardholder data to be put at risk."

14.     Schnucks admits that the quoted text is contained in Section 10.2 of the Operating Procedures.

15. Schnucks admits that the quoted text is contained in Section 5.4 of the Master Services Agreement without the emphasis added.

### **Schnucks Experiences Cyber-Attack**

16. Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies such allegations.

17. Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and therefore denies such allegations.

18. Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies such allegations.

19. Denied. Schnucks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies such allegations.

20. Admitted in part; denied in part. Schnucks admits that Defendants established a Reserve Account. Schnucks denies the remaining allegations in paragraph 20.

### **COUNT I**

### *Declaratory Judgment*

21. Schnucks incorporates by reference their answers to paragraphs 1 through 20 above as if fully set forth herein.

22. Admitted in part; denied in part. Schnucks admits that the quoted text is contained in Section 5.4 of the Master Services Agreement. Schnucks denies the remaining allegations in paragraph 22.

23. Denied.

24. Denied. The allegations in paragraph 24 of the counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 24 of the counterclaim are denied.

25. Denied. The allegations in paragraph 25 of the counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 25 of the counterclaim are denied.

26. Denied. The allegations in paragraph 26 of the counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 26 of the counterclaim are denied.

27. Denied. The allegations in paragraph 27 of the counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 27 of the counterclaim are denied.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

By way of further answer and affirmative defense to the counterclaim, Schnucks asserts the following additional and/or affirmative defenses:

### First Defense

Counter Defendants have failed to state a claim upon which relief can be granted.

### Second Defense

Counter Defendants' claim fails because Defendants have an adequate remedy at law.

### Third Defense

Counter Defendants' claim is barred, in whole or in part, by the terms of the MSA.

### Fourth Defense

Counter Defendants' claim is redundant and should be dismissed because adjudication of Schnucks' claims will render the claim moot. *See Amwest Surety Ins. Co. v. Concord Bank*, No. 4:00-CV-1988 SNL, 2003 WL 553229, at *4 (E.D. Mo. Feb. 4, 2003).

### Fifth Defense

To the extent Counter Defendants' seek to rely on any doctrine of mistake, Counter Defendants' claim fails to allege any circumstances that could constitute a mistake.

### Sixth Defense

Schnucks reserves the right to assert such additional and/or affirmative defenses as may be uncovered, whether in discovery or otherwise.

Dated: February 11, 2014

Respectfully submitted,

By: /s/ Kevin F. Hormuth
Kevin F. Hormuth, No. 48165 MO
David P. Niemeier, No. 50969 MO
GREENSFELDER, HEMKER & GALE, PC
10 South Broadway, Suite 2000
St. Louis, MO  63102
kfh@greensfelder.com
dpn@greensfelder.com
Telephone: 314.241.9090
Facsimile: 314.345.5466

Daniel R. Warren (*Admitted Pro Hac Vice*)
dwarren@bakerlaw.com
Telephone: 216.861.7145
Facsimile: 216.696.0740

Theodore J. Kobus III (*pro hac forthcoming*)
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: tkobus@bakerlaw.com

Craig A. Hoffman (*Admitted Pro Hac Vice*)
cahoffman@bakerlaw.com
Telephone:  513.929.3491
Facsimile:  513.929.0303

*Attorneys for Plaintiff Schnuck Markets, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of February, 2014, the foregoing was electronically filed with the Clerk of the Eastern District of Missouri, using the CM/ECF system, to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Kevin F. Hormuth