UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:13CV2226 JAR |
| FIRST DATA MERCHANT DATA SERVICES CORP., and CITICORP PAYMENT SERVICES, INC. | ) The Honorable John A. Ross |
| Defendants. | ) |

## PLAINTIFF SCHNUCK MARKETS, INC.'S
## CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc. ("Schnucks" or "Plaintiff"), by and through its counsel of record, move this Court pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings with respect to Defendants/Counterclaim-Plaintiff's First Data Merchant Services Corp ("First Data") and Citicorp Payment Services, Inc.'s ("Citicorp") (collectively, the "Defendants") Counterclaim and Plaintiff's Declaratory Judgment claim. In support of the Motion, Schnucks states as follows:

1. On November 4, 2013, Schnucks initiated this action by filing a Complaint (Doc. #9) asserting causes of action for Breach of Contract and Declaratory Judgment.

2. Schnucks commenced this action to stop Defendants from blatantly disregarding the plain language of the parties' contract by withholding more money from payments due to Schnucks than they are entitled to contractually withhold. Specifically, pursuant to a limitation of liability clause that the parties bargained for, Schnucks' indemnification obligation to Defendants for liability for all losses, including liability for losses incurred by issuing banks assigned to Defendants by Visa and MasterCard, is limited to $500,000.

3.     On January 21, 2014, Defendants filed their Answer, Affirmative Defenses, and Counterclaim (Doc. #20).  Defendants' Counterclaim seeks a Declaratory Judgment that the contractual limitation of liability provision relied on by Plaintiff does not apply in this case.

4.     Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Schnucks now moves for judgment on the pleadings on the Declaratory Judgment claim in its Complaint and Defendants' Counterclaim.  Schnucks seeks a declaration by the Court that: (1) Schnucks' obligation to indemnify Defendants for losses incurred by issuing banks is limited to $500,000; and (2) Defendants must return to Schnucks the amount of Schnucks' funds placed in the Reserve Account that exceed the amount of the Visa fine and MasterCard case management fee.

5.     Judgment on the pleadings is properly granted where the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.  The proper interpretation of an unambiguous contract is an appropriate matter to a court to consider on such a motion.

6.     The Complaint describes an inter-related series of written agreements among Schnucks, First Data, and Citicorp concerning the processing of credit and debit card transactions at Schnucks retail locations. (Complaint, Doc. #9, at ¶¶ 12, 16-17).  These inter-related agreements are: (1) a Master Services Agreement ("MSA") (Exhibit A to Defendants' Motion for Judgment on the Pleadings ("Defs.' Mot."), Doc. # 37-1); (2) a Bankcard Addendum to the MSA ("Bankcard Addendum") (Exhibit B to Defs.' Mot., Doc. #37-2);[1] (3) Program Terms and Conditions ("Operating Procedures") (Exhibit C to Def.'s Mot., Doc. #37-3); and (4) Visa International Operating Regulations ("VIOR") dated October 15, 2012 and MasterCard Security Rules and Procedures Merchant Edition dated February 22, 2013 ("MasterCard Rules")

---

[1] Defendants attached the Bankcard Addendum as Exhibit B to their Motion. (Doc # 37-2.)  Defendants redacted Schedule A and Attachments I & II.  Attached as Exhibit 1 is a modified version of Schedule A and Attachments I & II, which redacts the amount of the fees, but does not redact the types of fees charged by Defendants and third parties for their services.

(collectively, "Association Rules", relevant portions attached hereto as Exhibit 2 and 3, respectively).[2]

7.  In October 2011, Schnucks and First Data entered into the MSA. The MSA establishes "the terms and conditions by which First Data agreed to provide credit and debit card merchant transaction processing services for Schnucks." (Complaint, Doc. #9, at ¶ 16).[3]

8.  Section 5.4 of the MSA contains a limitation of liability provision that limits Schnucks' liability for all losses for any cause whatsoever and regardless of the form to $500,000:

> Limitation of Liability. NOTWITHSTANDING ANYTHING IN THIS MSA AND ANY ADDENDA TO THE CONTRARY, CUSTOMER [Schnucks], FDMS [First Data] AND ITS AFFILIATES' CUMULATIVE LIABILITY, IN THE AGGREGATE (INCLUSIVE OF ANY AND ALL CLAIMS MADE BY CUSTOMER, FDMS AND/OR ITS AFFILIATES, WHETHER RELATED OR UNLRELATED [sic]) FOR ALL LOSSES, CLAIMS, SUITS, CONTROVERSIES, BREACHES, OR DAMAGES FOR ANY CAUSE WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, THOSE ARISING OUT OF OR RELATED TO THIS MSA AND ANY ADDENDA) AND REGARDLESS OF THE FORM OF ACTION OR LEGAL THEORY SHALL NOT EXCEED $500,000. NOTWITHSTANDING THE FOREGOING, CUSTOMER, FDMS AND ITS AFFILIATES' CUMULATIVE LIABILTY [sic] FOR ITS BREACH UNDER SECTION 25 (DATA SECURITY) SHALL NOT EXCEED $3,000,000. FOR PURPOSES OF CLARIFICATION, EITHER PARTY [sic] CUMMULATIVE [sic] TOTAL UNDER THIS CONTRACT SHALL NOT EXCEED $3,500,000. THIS SECTION 5.4 LIMITATION OF LIABILITY SHALL NOT APPLY TO CUSTOMER'S LIABILITY FOR CHARGEBACKS, SERVICERS' FEES, THIRD PARTY FEES, AND FEES, FINES OR PENALTIES [sic] BY THE ASSOCIATION OR ANY OTHER CARD OR DEBIT CARD PROVIDED UNDER THIS MSA OR ANY ADDENDA.

---

[2] Defendants also have moved for judgment on the pleadings (hereinafter, "Defs. Mot."). (Doc. #37.) Defendants attached to their Motion the MSA, Bankcard Addendum and Operating Procedures. Plaintiff incorporates those documents into this Motion.

[3] The MSA is controlled by Missouri law. (Exhibit A to Defs.' Mot. at § 11).

(Exhibit A to Defs.' Mot. at §5.4).

9. Contemporaneous with the signing of the MSA, Plaintiff and Defendants executed a Bankcard Addendum to the MSA. (Complaint, Doc. #9, at ¶¶ 16-17; Exhibit B to Defs.' Mot.). The Bankcard Addendum incorporates the MSA and "sets forth the terms and conditions by which First Data and Citicorp collectively agreed to provide credit and debit card merchant transaction processing services for Schnucks." (Complaint, Doc. #9, at ¶ 16; Answer to Counterclaim, Doc. #30, at ¶ 6).

10. The Bankcard Addendum incorporates the Operating Procedures and the MSA incorporates the Association Rules. (Exhibit B to Defs.' Mot. at §§ 4 25 ("Per the terms of the Bankcard Addendum, CUSTOMER is required to follow the Operating Procedures and comply with the Association Rules as they may each be amended from time to time."); Exhibit C to Defs.' Mot.; Complaint, Doc. #9, at ¶ 17).

11. In March 2013, Schnucks disclosed that cybercriminals had launched an attack that targeted the payment cards of its customers. (Complaint, Doc. #9, at ¶¶ 24-25).

12. As a result of the attack, the operating regulations of Visa and MasterCard subject Schnucks' merchant acquiring bank, Defendant Citicorp, to liability to Visa and MasterCard for three different types of monetary amounts—a PCI DSS non-compliance fine from Visa, a case management fee from MasterCard, and assignment of liability for losses to reimburse banks that issued payment cards affected by the attack (Complaint, Doc. #9, at ¶ 27.) The assignment of issuer liability assessments under the GCAR (Visa) and the ADCR (MasterCard) regulations against the merchant's acquiring bank are "for the stated purpose of reimbursing banks that issued payment cards affected by the event for two categories of losses: (1) the amount that the [payment card] issuing banks spent to monitor or cancel and re-issue at risk cards; and (2) the amount of fraudulent charges on the at risk cards." (*Id.*)

13. As a result of Schnucks' criminal attack against Schnucks, "First Data received a preliminary case management report from MasterCard outlining the case management fee and the amount of monitoring/card replacement and fraud loss reimbursement it was

assessing against Citicorp." (Complaint, Doc. #9, at ¶ 28). "Approximately 97% of the actual and projected amount of the assessments by the Networks was for reimbursement of losses claimed by issuing banks." (*Id.* at ¶ 30.) "Based on the amount of MasterCard's assessment, First Data projected the total amount of Visa's assessment, including the amount it would assess for losses suffered by issuers of affected Visa cards associated with monitoring and card replacement, as well as counterfeit fraud losses." (*Id.* at ¶ 29).

14. The Bankcard Addendum permits Defendants to create and maintain a reserve account (the "Reserve Account") from Schnucks' payment card transaction flow. (*Id.* at ¶ 19; Exhibit B to Defs.' Mot. at § 22). Specifically, the Bankcard Addendum contemplates that the amount "will not exceed the sum of ... (v) the amount of any current and anticipated Association *fees or fines*." (Exhibit B to Defs.' Mot. at § 22.1 (emphasis added).) First Data established the Reserve Account for the Associations' actual and projected assessments by "withholding a percentage each day from the funds First Data collected for Schnucks from the payment card transactions [First Data] processed at one [Schnucks'] store location." (Compl. at ¶¶ 30-31). To date, Visa has yet to finalize its assessment for Schnucks' data breach. (*Id.* at ¶¶ 29-30).

15. The dollar amount held in the Reserve Account to cover the Associations' fees and fines well exceeds $500,000. (*Id.* at ¶ 33).

16. Under Missouri law, unambiguous contracts are enforced according to their plain language. A determination of whether a contractual provision is ambiguous is a question of law for the Court.

17. Schnucks is entitled to judgment on the pleadings because the plain and unambiguous language of the MSA and its incorporated agreements and documents establish that Schnucks obligation to indemnify Defendants for liability for losses incurred by issuing banks is limited to $500,000.

18. The first sentence of the limitation of liability clause expressly states that Schnucks' liability for "ALL LOSSES", regardless of the form of action or legal theory, is limited to $500,000. (Exhibit A to Defs.' Mot. at § 5.4.)

5

19. The two exceptions to the $500,000 limitation of liability do not apply to liability for losses incurred by issuing banks.

20. The first exception states: "NOTWITHSTANDING THE FOREGOING, CUSTOMER, FDMS AND ITS AFFILIATES' CUMULATIVE LIABILITY FOR ITS BREACH UNDER SECTION 25 (DATA SECURITY) SHALL NOT EXCEED $3,000,000." (*Id.* at § 5.4.) Section 25 provides that, "[t]he Association may impose restrictions, *fines,* or prohibit [Schnucks] from participating in Association programs if it is determined [Schnucks] is non-compliant with such programs" and "[Schnucks] understands and acknowledges that it is solely the responsibility of [Schnucks] to maintain compliance with all Association PCI Data Security procedures and regulations, and to *pay any and all fines* levied by the applicable Association for its non-compliance…." (*Id.* at § 25 (emphasis added).)

21. This first exception creates a limit of $3,000,000 that narrowly applies only to fines assessed for PCI DSS non-compliance. Based on the plain meaning of fine, this exception is inapplicable to liability to reimburse issuers for their losses. Defendants do not argue otherwise in their Motion.

22. The second exception states: "THIS SECTION 5.4 LIMITATION OF LIABILITY SHALL NOT APPLY TO CUSTOMER'S LIABILITY FOR CHARGEBACKS, SERVICERS' FEES, THIRD PARTY FEES, AND FEES, FINES OR [PENALTIES] BY THE ASSOCIATION OR ANY OTHER CARD OR DEBIT CARD PROVIDED UNDER THIS MSA OR ANY ADDENDA." (*Id.* at § 5.4.)[4] This exception is inapplicable because the word losses is not used, none of the terms used mean liability for issuer losses, and there are other contract terms that encompass issuer losses that could have been but were not used.

23. *"Chargebacks."* Liability to reimburse issuers for their losses is not a chargeback. (Exhibit B to Defs.' Mot. at Annex 1, p. 23; Exhibit C to Defs.' Mot. at § 14 (Glossary).)

---

[4] Schnucks does not contend that the MasterCard "case management *fee*" and the Visa "non-compliance *fine*" are subject to the $500,000 limitation.

24. *"Servicers' Fees."* Liability to reimburse issuers for their losses is not a servicers' fee. (Exhibit B to Defs.' Mot. at § 13.)

25. *"Third Party Fees."* Liability to reimburse issuers for their losses is not a Third Party Fee. The defined term of "Third Party Fees" means monetary amounts charged by third parties in connection with the day-to-day processing services performed by Defendants. These fees include the network and interchange fees payable to the appropriate card network and issuing bank each time a card is swiped in a Schnucks store that is processed by Defendants. The word "losses" is not found in contract's definition of Third Party Fees, nor is any equivalent term.

26. *Fees, Fines or [Penalties] by the Association.* Liability to reimburse issuers for their losses is not a fee, fine or penalty by the Association based on the plain and ordinary meaning of those terms.

27. Because neither exception applies, Schnucks' obligation to indemnify Defendants for liability for issuing bank losses assigned by the Visa and MasterCard regulations is limited to $500,000, and Schnucks respectfully requests that this Court issue a declaratory judgment declaring such.

28. Moreover, because Defendants are only permitted to establish a Reserve Account for the amount of fees and fines by Visa and MasterCard, Defendants should be ordered to return to Schnucks the amount in the Reserve Account that exceeds the amount of the Visa fine and MasterCard case management fee.

29. Schnucks respectfully submit a Memorandum in Support of its Motion for Judgment on the Pleadings, which it adopts and incorporates by reference.

WHEREFORE, for all of the aforementioned reasons, as well as those set forth in the accompanying Memorandum, Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc. respectfully requests that this Honorable Court grant their Motion for Judgment on the Pleadings.

Dated: June 9, 2014

Respectfully submitted,

By: /s/ Kevin F. Hormuth
Kevin F. Hormuth, No. 48165 MO
David P. Niemeier, No. 50969 MO
GREENSFELDER, HEMKER & GALE, PC
10 South Broadway, Suite 2000
St. Louis, MO 63102
kfh@greensfelder.com
dpn@greensfelder.com
Telephone:314.241.9090
Facsimile: 314.345.5466

Craig A. Hoffman (*pro hac vice*)
cahoffman@bakerlaw.com
Telephone: 513.929.3491
Facsimile: 513.929.0303

*Attorneys for Plaintiff Schnuck Markets, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 9th day of June, 2014, the foregoing *Motion for Judgment on the Pleadings* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Kevin F. Hormuth<br>
Kevin F. Hormuth