UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FIRST DATA MERCHANT DATA : <br> SERVICES CORP., and : <br> CITICORP PAYMENT SERVICES, INC., : <br> : <br> Defendants. : | Case No.  4:13-CV-2226-JAR <br><br> The Honorable John A. Ross |

### DEFENDANTS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM

Defendants/Counterclaim-Plaintiffs First Data Merchant Services Corp. and Citicorp Payment Services, Inc. (collectively, the "Defendants"), by and through their counsel of record, move this Court pursuant to Local Rule 7-4.01(C) for leave to file a sur-reply memorandum concerning the pending Cross-Motions for Judgment on the Pleadings (Doc. # 37 and # 43).

Defendants respectfully request leave to file a sur-reply memorandum to address Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc.'s ("Plaintiff") contract interpretation argument that improperly relies on Visa regulations and an operating program created *after* the execution of the parties' contract.  As a result of this improper reliance, this Court should disregard Plaintiff's arguments concerning the Visa International Operating Regulations ("VIOR") and Global Compromised Account Recovery ("GCAR") operating program.

Separately, Defendants also seek leave to file a sur-reply memorandum to address Plaintiff's improper reliance on language from both the GCAR and MasterCard's Account Data Compromise Recovery ("ADCR") operating program.  By addressing only certain, self-serving,

provisions from those operating programs, Plaintiff has removed the programs from the contextual framework created by Visa and MasterCard (collectively, the "Associations").

A copy of Defendants' proposed sur-reply memorandum is annexed to this Motion as Exhibit A.  If the Motion is granted, Defendants will file and serve the memorandum in accordance with the procedures established by the Court.

In support of the instant Motion, Defendants state as follows:

1. Defendants filed their Motion for Judgment on the Pleadings (Doc. # 37) on May 19, 2014.

2. Plaintiff filed a Cross-Motion for Judgment on the Pleadings (Doc. # 43) on June 9, 2014.

3. The parties subsequently exchanged reply memoranda in support/opposition concerning their respective Motions (Doc. # 49 and # 52).

4. Defendants recently ascertained that Plaintiff's memoranda supporting the Cross-Motion for Judgment on the Pleadings (Doc. # 44 and # 52) rely on certain Visa regulations and operating program (GCAR) that were not in effect when the parties entered into the subject contract (October 6, 2011).

5. Plaintiff repeatedly relies on the VIOR (dated October 15, 2012) and its corresponding GCAR operating program to interpret the exception to the limitation of liability found in the parties' contract.  Plaintiff's specific arguments are largely premised on Defendants' supposed failure to consider the language of the Visa GCAR program when the parties drafted the subject contract.  There is no question that GCAR was not in effect until *after* October 2011, and, thus, could not have been considered at the time of contract formation.

6. Accordingly, leave should be granted so that Defendants can fully explain why the Court should disregard Plaintiff's reliance on current day Visa regulations and GCAR to interpret the parties' intent at the time of contract formation.

7. Leave to file a sur-reply memorandum should also be granted so that Defendants can address Plaintiff's improper and out of context reliance on certain GCAR and ADCR provisions.

8. Plaintiff attaches to its memoranda only a select few provisions from the GCAR and ADCR operating programs, but argues that the Court should interpret the parties' contract in light of only these provisions – not the regulations as a whole and in context.

9. When viewed within the framework created by the Associations, however, the operating programs provide only the process and procedures for assessing financial responsibility for a data breach. The operating programs cannot be used, as Plaintiff suggests, to define the actual nature of the Associations' assessments.

10. Leave to file the proposed sur-reply memorandum should be granted in order to allow Defendants to address Plaintiff's improper, out of context argument.

WHEREFORE, for all of the aforementioned reasons, Defendants/Counterclaim-Plaintiffs First Data Merchant Services Corp. and Citicorp Payment Services, Inc. respectfully request that this Honorable Court grant their Motion for leave to file a sur-reply memorandum in the form of the proposed memorandum annexed hereto as Exhibit A.


        Respectfully Submitted,

        FOX ROTHSCHILD LLP

Dated: July 18, 2014        By:   */s/ Joshua Horn*
        Joshua Horn (admitted *pro hac vice*)
        Amy C. Purcell (admitted *pro hac vice*)
        FOX ROTHSCHILD LLP
        2000 Market Street, 10th Floor
        Philadelphia, PA 19103
        215-299-2000
        Fax: 215-299-2150
        Email: jhorn@foxrothschild.com
        Email: apurcell@foxrothschild.com

        ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.

**Lucy T. Unger**, #36848
**Patrick I. Chavez**, #47732MO
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
314/345-5000
314/345-5055 (FAX)
lunger@wvslaw.com
pchavez@wvslaw.com

**Nicholas T. Solosky** (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
202-461-3100
Fax: 202-461-3102
Email: nsolosky@foxrothschild.com