UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:13CV2226 JAR |
| FIRST DATA MERCHANT DATA SERVICES CORP., and CITICORP PAYMENT SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF SCHNUCK MARKETS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Because a ruling granting one of the pending cross-motions for judgment on the pleadings would negate the need for any discovery, Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc. ("Schnucks"), pursuant to Federal Rule of Civil Procedure 26(c) and this Court's inherent authority, requests that the Court stay all discovery pending resolution of the parties' cross-motions. Indeed, the parties agree in the motions that the contract language at issue is not ambiguous. Thus, a stay of discovery will prevent the waste of time and expense that the parties will incur to conduct discovery that ultimately will be unnecessary if this Court grants either motion. The resulting savings of resources advances the interest of judicial economy and no prejudice will result to Defendants First Data Merchant Services Corp. and Citicorp Payment Services, Inc. (collectively, "Defendants") if discovery is stayed.

**I.    PROCEDURAL BACKGROUND**

This action was initiated by Schnucks less than a year ago on November 4, 2013, when Schnucks filed a Complaint asserting causes of action for Breach of Contract and Declaratory Judgment after Defendants wrongfully withheld money owed to Schnucks by blatantly disregarding the plain language of the parties' contract that limits liability for issuer losses to

$500,000.  (Dkt. # 9.)  On January 21, 2014, Defendants filed their Answer, Affirmative Defenses, and Counterclaim seeking a contrary declaration.  (Doc. # 20.)  The Court issued a Case Management Order on April 18, 2014, which set the initial expert disclosure deadline as September 8, 2014, expert deposition deadline of October 8, 2014, and discovery deadline of November 18, 2014.  (Doc. # 34).

Defendants filed their Motion for Judgment on the Pleadings (Doc. #37) on May 19, 2014.  Schnucks then filed a Partial Cross-Motion for Judgment on the Pleadings and Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. # 43) on June 9, 2014.  Briefing on both motions is now complete.  (Doc. # 49, # 52, # 55, and # 58).

On August 7, 2014, Defendants served their initial discovery requests on Schnucks.  A copy of Defendant First Data's First Request for the Production of Documents Addressed to Plaintiff is attached as Exhibit A.  A copy of Defendant First Data's First Set of Interrogatories Addressed to Plaintiff is attached as Exhibit B.  A copy of Defendant Citicorp's First Set of Interrogatories Addressed to Plaintiff is attached as Exhibit C.  Schnucks' responses to these discovery requests are currently due on September 8, 2014.  In addition, Defendants served a Rule 30(b)(6) deposition notice identifying eight different topics.  A copy of Defendants' Rule 30(b)(6) Notice is attached as Exhibit D.  The discovery requests served by Defendants are focused on topics that might only be relevant if the contract language at issue was ambiguous— an argument neither side has made.[1]

## II.     ARGUMENT

A court has the discretion to stay discovery for "good cause shown."  Fed. R. Civ. P. 26(c)(1).  And this Court has the inherent authority to stay discovery pending resolution of dispositive motions.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of

---

[1] Pursuant to Local Rule 37-3.04(A), on August 8, 2014, Craig Hoffman, counsel for Schnucks, contacted Josh Horn, counsel for Defendants, by telephone and they conferred in good faith about this request for a stay but were unable to reach an accord.

2

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citation omitted); *Sierra Club v. U.S. Army Corps of Eng'rs.*, 446 F.3d 808, 816 (8th Cir. 2006) ("A district court has broad discretion to stay proceedings when appropriate to control its docket.") (citation omitted).

A party shows good cause for a stay of discovery where disposition of a motion should "entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal quotation omitted); *see also Anderson v. United States Attorney's Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."). The Supreme Court has held that "[i]n considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Landis*, 299 U.S. at 254. This Court has taken into account the: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the conservation of resources. *SSDD, LLC v. Underwriter's at Lloyd's, London*, 2013 WL 2420676, at *2 (E.D. Mo. June 3, 2013) (citation omitted). Courts within this district have stayed discovery pending a ruling on a dispositive motion. *See, e.g., Arnold v. DIRECTV, In.*, Case No. 4:10-cv-00352, Docket Entry No. 46 (E.D. Mo. Oct. 8, 2010) (granting Defendant until 30 days following the Court's ruling on the pending motion to dismiss to respond to discovery).

### A. A Stay of Discovery is Consistent with the Interest of Judicial Economy.

The parties have filed competing motions for judgment on the pleadings. Both parties argue that the parties' contract is unambiguous. Schnucks argues that, pursuant to the plain language of the parties' agreement, its obligation to indemnify Defendants for issuer losses is limited to $500,000. Defendants argue, by contrast, that according to the plain language of the parties' agreement, an exception to the $500,000 limitation of liability provision applies to the issuer losses and, therefore, Schnucks' indemnification obligations for issuer losses is not limited to $500,000. An order granting either motion will be dispositive of the case. Accordingly, it

3

would be inefficient to proceed with discovery in this case before these motions are decided. *See Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del.1979) (citations omitted) (A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

If discovery is permitted to proceed and then the Court grants either motion, the parties will have needlessly incurred attorney's fees and wasted corporate resources. A stay of discovery will undoubtedly promote "economy of time and effort for [the Court], for counsel, and for litigants." *Landis*, 299 U.S. at 254.

### B. A Stay of Discovery is Consistent with Principles of Fairness.

Schnucks and Defendants both will benefit from a stay of discovery pending disposition of the cross-motions for judgment on the pleadings, as both parties in their respective motions urge the Court for a dispositive ruling now. And a stay of discovery will not result in any prejudice to Defendants. Indeed, this case was filed less than a year ago, there have been no prior extensions of the discovery deadlines, and there are no unusual circumstances that would suggest a need to proceed with discovery. Unnecessary and undue burden and expense to the parties can be avoided by staying discovery until the Court has considered and resolved the parties' motions for judgment on the pleadings.

### III. CONCLUSION

For the foregoing reasons, Schnucks respectfully requests that this Court enter a stay of discovery pending resolution of the parties' cross-motions for judgment on the pleadings.

Dated: August 13, 2014

Respectfully submitted,

By:   /s/ *Kevin F. Hormuth*
Kevin F. Hormuth, No. 48165 MO
David P. Niemeier, No. 50969 MO
GREENSFELDER, HEMKER & GALE, PC
10 South Broadway, Suite 2000
St. Louis, MO  63102
kfh@greensfelder.com
dpn@greensfelder.com
Telephone: 314.241.9090
Facsimile: 314.345.5466

Craig A. Hoffman (*pro hac vice*)
cahoffman@bakerlaw.com
Telephone:  513.929.3491
Facsimile:  513.929.0303

*Attorneys for Plaintiff Schnuck Markets, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 13th of August, 2014, the foregoing *Motion to Stay Discovery and Memorandum in Support* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:      /s/ *Kevin F. Hormuth*
Kevin F. Hormuth