# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., | : |
| Plaintiff, | : |
| v. | : Case No. 4:13-CV-2226-JAR |
| | : The Honorable John A. Ross |
| FIRST DATA MERCHANT DATA SERVICES CORP., and CITICORP PAYMENT SERVICES, INC., | : |
| Defendants. | : |

**FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS OF DEFENDANT FIRST DATA
MERCHANT SERVICES CORP. ADDRESSED TO PLAINTIFF**

Defendant, First Data Merchant Services Corp. ("First Data"), in accordance with Federal Rule of Civil Procedure 34, hereby requests that Plaintiff Schnuck Markets, Inc. respond to the following First Request for Production of Documents within thirty (30) days of service:

## I. INSTRUCTIONS

The following Instructions apply to this First Request for Production of Documents served by First Data.

1.  The following Document Requests shall be deemed to be continuing. If appropriate, you are required to supplement your responses and produce additional documents in accordance with the Federal Rules of Civil Procedure.

2.  Each of the following Document Requests shall be answered separately and fully in writing. Objections, if any, shall be signed by the attorney making them.

3.  In the event that any document to which you refer in your answers to these Document Requests is withheld on the basis of a claim of privilege, for each document withheld set forth:

    a.    A description of the factual and legal basis for the claim of privilege or objection in sufficient detail so as permit the court to adjudicate the validity of the claim or objection;

    b.    A general description of the document including its size, length, form and subject matter;

    c.    The names and addresses of person or persons involved in the creation of the document;

    d.    The names and addresses of all persons who have had access to the document from the time of its creation to the present;

    e.    The date on which the document was created; and

    f.    The names and addresses of the present custodian(s) of the document, and the names and addresses of all persons who have received copies, summaries, or explanations of the document.

4.    In the event that any document to which you refer in your answers to these Document Requests has been destroyed or disposed of, or has otherwise left your possession, custody, or control, set forth:

    a.    A general description of the document including its size, length, form and subject matter;

    b.    The names and addresses of the person or persons involved in the creation of the documents;

    c.    The names and addresses of all persons who have had access to the document form the time of its creation to the present;

    d.    The date on which the document was created;

    e.    The name and address of the present custodian of the document, and the names and addresses of all persons who have received copies, summaries, or explanations of the document;

    f.    The date of the destruction or discard, the manner of destruction or discard, and the reasons for destruction or discard; and

    g.    The names and addresses of person authorizing and carrying out the destruction or discard of the document.

5.    These Document Requests, unless otherwise indicated, cover the time period January 1, 2011 to the present.

## II.  DEFINITIONS

For purposes of these Document Requests:

1. The word "document" includes, but is not limited to, those materials identified in Federal Rule of Civil Procedure 34, as well as any written or graphic matter of any kind or character, however produced, reproduced or stored; any electronically or magnetically recorded matter of any kind or character, however produced, reproduced or stored; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded and/or stored in writing, sound, electronic or magnetic impulse, or in any other manner including, but not limited to, paper, cards, tapes, film, electronic facsimile, e-mail, computer storage devices, hard drives, video, discs or any other media.

2. The word "identify," when used in reference to:

   a. A natural individual, requires you to state his or her full name, and present or last known residential address, business address, and telephone number;

   b. A business, requires you to state the full name or style under which the business is conducted, its business addresses, its telephone numbers and the identity of the persons who own, operate, and control the business;

   c. A document, requires you to state its title, its date, the names of its authors and recipients, and its present or last known location and custodian. If any document was, but no longer is, in your possession or subject to your control, state: (i) what disposition was made of it; (ii) the date thereof; (iii) the person responsible for making the decision as to such disposition; and (iv) the person responsible for carrying out such disposition; and

   d. A communication, requires you, if any part of the communication was written, to identify the documents which refer to or evidence the communication and, if any part of the communication was non-written, to identify the person participating in or otherwise present during all or part of the communication, and describe the substance thereof.

3

3. The pronouns "you" and "your" refer to the party to whom these Document Requests are addressed, and the party's successors, assigns, employees, agents, attorneys, and all other persons purporting to act on the party's behalf.

4. "First Data" means Defendant First Data Merchant Services Corp.

5. "Citicorp" means Defendant Citicorp Payment Services, Inc.

6. The term "Litigation" refers to the above-captioned litigation in the United States District Court for the Eastern District of Missouri, Case No. 4:13-CV-2226-JAR.

7. The terms "Complaint," "Answer," "Counterclaim," and "Answer to Counterclaim" refer to the pleadings filed by the parties in this case (ECF Docket Nos. 9, 23, and 30, respectively).

8. The terms "Master Services Agreement" and "Merchant Services Bankcard Addendum" refer to the agreements defined in paragraph 16 of the Complaint.

9. The term "Contract" refers to the integrated agreement consisting of the Master Services Agreement, Merchant Services Bankcard Addendum, and Operating Procedures, as set forth in paragraphs 16-17 of the Complaint.

10. The word "or" means and/or.

11. The term "PCI DSS" shall mean "Payment Card Industry Data Security Standards."

12. The term "Data Compromise Event" shall refer to the alleged cyber-attack described in paragraphs 24-26 of the Complaint.

13. The term "Reserve Account" shall refer to the account described in paragraph 30 of the Complaint.

14. The term "Networks" refers to the applicable credit card networks, as defined in paragraph 13 of the Complaint.

## III. DOCUMENT REQUESTS

1. All statements of any parties, witnesses, or potential witnesses relating in any way to the Litigation, claims for insurance coverage and/or proceeds, and negotiations with Visa and/or MasterCard regarding the actual or potential financial responsibility associated with the Data Compromise Event and/or the Litigation.

2. Any and all documents responsive to the First Set of Interrogatories of First Data and/or Citicorp directed to you.

3. All documents that reflect your corporate organization, including but not limited to personnel hierarchy and affiliate relationships.

4. Any and all documents that refer, relate, or pertain to the allegations set forth in the Complaint.

5. Any and all documents that refer, relate, or pertain to the Answer to the Complaint.

6. Any and all documents that refer, relate, or pertain to the allegations set forth in the Counterclaim.

7. Any and all documents that refer, relate, or pertain to the Answer to the Counterclaim.

8. Any and all documents that refer, relate, or pertain to First Data regarding the Contract and/or the Data Compromise Event.

9. Any and all documents that refer, relate, or pertain to Citicorp regarding the Contract and/or the Data Compromise Event.

5

10. Any and all documents that refer, relate, or pertain to the cause of the Data Compromise Event.

11. Any and all documents that refer, relate, or pertain to any claim that you made for insurance coverage for any loss arising out of the Data Compromise Event and/or the Litigation.

12. Any and all documents that refer, relate, or pertain to the Contract, including the negotiation and drafting of the Contract.

13. Any and all documents that refer, relate, pertain to, or substantiate your interpretation of Section 5.4 of the Master Services Agreement, as set forth in paragraphs 20-23 of the Complaint.

14. Any and all documents that refer, relate, pertain to, or substantiate your allegation set forth in paragraph 38 of the Complaint that First Data breached the Contract by "establishing a reserve account that has already been funded in an amount far in excess of the defined limitation and in violation of the provisions permitting Defendants to establish a reserve."

15. Any and all documents that refer, relate, pertain to, or substantiate your allegation set forth in paragraph 41 of the Complaint that "[p]ursuant to the [Contract], the maximum amount of [your] indemnity obligation to Defendants for losses is a defined amount set forth in Section 5.4 of the MSA."

16. Any and all documents that refer, relate, pertain to, or substantiate your allegation set forth in paragraph 42 of the Complaint that "First Data has established a reserve and withheld more funds from [you] than is permitted under the [Contract]."

17. Any and all documents that refer, relate, or pertain to the Reserve Account.

6

18. All documents that constitute, refer, relate, or pertain to your communications with sales or trade organizations, agents, banks, Visa, MasterCard, or any other non-party to the Complaint regarding the Data Compromise Event.

19. Any and all communications and discussions (including, but not limited to, all correspondence, notes, records, and memoranda memorializing those communications and discussions) exchanged between you and First Data and/or Citicorp regarding the Contract and/or the Data Compromise Event.

20. Any and all communications, discussions, and negotiations (including, but not limited to, all correspondence, notes, records, and memoranda memorializing those communications, discussions, and negotiations) exchanged between you and Visa regarding the Contract, the Litigation, and/or the Data Compromise Event.

21. Any and all communications, discussions, and negotiations (including, but not limited to, all correspondence, notes, records, and memoranda memorializing those communications, discussions, and negotiations) exchanged between you and MasterCard regarding the Contract, the Litigation, and/or the Data Compromise Event.

22. Any and all communications and discussions (including, but not limited to, all correspondence, notes, records, and memoranda memorializing those communications and discussions) exchanged between you and any insurance companies concerning claims for insurance coverage arising out of the Data Compromise Event and/or the Litigation.

23. Any and all communications and discussions (including, but not limited to, all correspondence, notes, records, and memoranda memorializing those communications and discussions) exchanged between you and any news or media outlet regarding the Contract, the Data Compromise Event, your claim for insurance coverage arising out of the Data Compromise Event, and/or the Litigation.

24. All documents that you intend to introduce into evidence at the time of trial in this Litigation.

25. All documents that you intend to use at depositions in this Litigation.

26. The *curriculum vitae* for any and all experts you intend to have testify at the time of trial in this Litigation.

27. The expert report for any and all experts you intend to have testify at the time of trial in this Litigation.

28. All documents provided to the expert(s) identified in response to Request No. 27.

**FOX ROTHSCHILD LLP**

Dated: August 7, 2014

By:    */s/ Joshua Horn*
Joshua Horn (admitted *pro hac vice*)
Amy C. Purcell (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
215-299-2000
Fax: 215-299-2150
Email: jhorn@foxrothschild.com
Email: apurcell@foxrothschild.com

ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.

**Lucy T. Unger**, #36848
**Patrick I. Chavez**, #47732MO
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
314/345-5000
314/345-5055 (FAX)
lunger@wvslaw.com
pchavez@wvslaw.com

**Nicholas T. Solosky** (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
202-461-3100
Fax: 202-461-3102
Email: nsolosky@foxrothschild.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, I caused a copy of the foregoing to be served on the following via electronic mail and first class mail.

        Craig A. Hoffman
        Daniel R. Warren
        BAKER AND HOSTETLER
        312 Walnut Street
        Suite 3200
        Cincinnati, OH 45202

        David P. Niemeier
        Kevin F. Hormuth
        GREENSFELDER AND HEMKER, PC
        10 South Broadway
        Suite 2000
        St. Louis, MO 63102

        /s/ Joshua Horn