# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCHNUCK MARKETS, INC.,

    Plaintiff,

v.

FIRST DATA MERCHANT DATA
SERVICES CORP., and
CITICORP PAYMENT SERVICES, INC.,

    Defendants.

Case No. 4:13-CV-2226-JAR

The Honorable John A. Ross

### FIRST SET OF INTERROGATORIES OF DEFENDANT
### FIRST DATA MERCHANT SERVICES CORP. ADDRESSED TO PLAINTIFF

Defendant, First Data Merchant Services Corp. ("First Data"), in accordance with Federal Rule of Civil Procedure 33, hereby requests that Plaintiff Schnuck Markets, Inc. answer the following Interrogatories within thirty (30) days of service.

**I.  INSTRUCTIONS**

The following Instructions apply to this First Set of Interrogatories served by First Data:

1. These Interrogatories shall be deemed to be continuing and supplemental responses and documents shall be provided in accordance with the Federal Rules of Civil Procedure.

2. Each of the following Interrogatories shall be answered separately and fully in writing. Objections, if any, shall be signed by the attorney making them.

3. If you assert a privilege, work-product immunity, or decline to provide an answer to any Interrogatory on the basis of some other objection, please:

    a.    Identify and describe the document or communication in question;

    b.    Describe the basis for the asserted privilege or objection;

    c.    Identify every person to whom the document was sent, or every person present when the communication was made; and

    d.    Identify the present custodian of the document, if any.

4.    These Interrogatories, unless otherwise indicated, cover the time period January 1, 2011 to the present.

## II. DEFINITIONS

For purposes of these Document Requests:

1.    The word "document" includes, but is not limited to, those materials identified in Federal Rule of Civil Procedure 34, as well as any written or graphic matter of any kind or character, however produced, reproduced or stored; any electronically or magnetically recorded matter of any kind or character, however produced, reproduced or stored; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded and/or stored in writing, sound, electronic or magnetic impulse, or in any other manner including, but not limited to, paper, cards, tapes, film, electronic facsimile, e-mail, computer storage devices, hard drives, video, discs or any other media.

2.    The word "identify," when used in reference to:

    a.    A natural individual, requires you to state his or her full name, and present or last known residential address, business address, and telephone number;

    b.    A business, requires you to state the full name or style under which the business is conducted, its business addresses, its telephone numbers and the identity of the persons who own, operate, and control the business;

    c.    A document, requires you to state its title, its date, the names of its authors and recipients, and its present or last known location and custodian. If any document was, but no longer is, in your possession or subject to your control, state: (i) what disposition was made of it; (ii) the date thereof; (iii) the person responsible for making the decision as to such disposition; and (iv) the person responsible for carrying out such disposition; and

      d.    A communication, requires you, if any part of the communication was written, to identify the documents which refer to or evidence the communication and, if any part of the communication was non-written, to identify the person participating in or otherwise present during all or part of the communication, and describe the substance thereof.

3. The pronouns "you" and "your" refer to the party to whom these Interrogatories are addressed, and the party's successors, assigns, employees, agents, attorneys, and all other persons purporting to act on the party's behalf.

4. "First Data" means Defendant First Data Merchant Services Corp.

5. "Citicorp" means Defendant Citicorp Payment Services, Inc.

6. The term "Litigation" refers to the above-captioned litigation in the United States District Court for the Eastern District of Missouri, Case No. 4:13-CV-2226-JAR.

7. The terms "Complaint," "Answer," "Counterclaim," and "Answer to Counterclaim" refer to the pleadings filed by the parties in this case (ECF Docket Nos. 9, 23, and 30, respectively).

8. The terms "Master Services Agreement" and "Merchant Services Bankcard Addendum" refer to the agreements defined in paragraph 16 of the Complaint.

9. The term "Contract" refers to the integrated agreement consisting of the Master Services Agreement, Merchant Services Bankcard Addendum, and Operating Procedures, as set forth in paragraphs 16-17 of the Complaint.

10. The word "or" means and/or.

11. The term "PCI DSS" shall mean "Payment Card Industry Data Security Standards."

12. The term "Data Compromise Event" shall refer to the alleged cyber-attack described in paragraphs 24-26 of the Complaint.

13. The term "Reserve Account" shall refer to the account described in paragraph 30 of the Complaint.

14. The term "Networks" refers to the applicable credit card networks, as defined in paragraph 13 of the Complaint.

### III. INTERROGATORIES

1. Paragraph 18 of the Complaint alleges that you "may be obligated to identify and hold harmless [First Data and/or Citicorp] . . . for losses liabilities, damages, and expenses under certain circumstances that amount to a breach of the Agreement." With respect to this allegation, state, identify, or describe:

    a. Your understanding of the "circumstances that amount to a breach of the Agreement" under which you may be obligated to indemnify and hold harmless First Data and/or Citicorp, and all facts that support your understanding;

    b. All people with knowledge of those facts; and

    c. All documents that you relied upon that contain, refer, relate, or pertain to the factual and legal basis for this allegation.

**ANSWER**:

4

2.  Paragraph 19 of the Complaint alleges that the parties' "Agreement permits First Data to hold in reserve funds owed to [you] from payment card transactions under certain scenarios to offset [your] indemnity obligations." With respect to this allegation, state, identify, or describe:

> a. Your understanding of the "scenarios" under which you believe that First Data can hold funds in reserve to offset your "indemnity obligations" to First Data and all facts that support your understanding;
>
> b. All people with knowledge of those facts; and
>
> c. All documents that you relied upon that contain, refer, relate, or pertain to the factual and legal basis for this allegation.

**ANSWER:**

3.  Paragraph 23 of the Complaint alleges that "Section 5.4 [of the Master Services Agreement] . . . is inapplicable to losses assessed by the Networks." With respect to this allegation, state, identify, or describe:

> a. All facts that support this allegation, and the basis for those facts;
>
> b. All people with knowledge of those facts; and
>
> c. All documents that you relied upon that contain, refer, relate, or pertain to the factual and legal basis for this allegation.

**ANSWER:**

5

4.   Paragraph 23 of the Complaint alleges that "losses assessed by the Networks" at issue in the Litigation are different from "fees, fines, or penalties by the Networks," as stated in the Master Services Agreement. With respect to this allegation, state, identify, or describe:

   a.   All facts that support this allegation, and the basis for those facts;

   b.   All people with knowledge of those facts; and

   c.   All documents that you relied upon that contain, refer, relate, or pertain to the factual and legal basis for this allegation.

**ANSWER**:




5.   State, identify, or describe the basis for your allegation in paragraph 30 of the Complaint that "[a]pproximately 97% of the actual and projected amount of the assessments by the Networks was for reimbursement of losses claimed by the issuing banks."

**ANSWER**:

6

6.  Paragraph 38 of the Complaint alleges that First Data and Citicorp "breached their obligations under the [Contract] by establishing a reserve account that has already been funded in an amount far in excess of the defined limitation and in violation of the provisions permitting Defendants to establish a reserve." With respect to this allegation, state, identify, or describe:

   a. All facts that support this allegation, and the basis for those facts;
   b. All people with knowledge of those facts; and
   c. All documents that you relied upon that contain, refer, relate, or pertain to the factual and legal basis for this allegation.

**ANSWER:**

7.  State whether you were fully compliant with PCI DSS at the time of the Data Compromise Event. In doing so, please provide the following:

   a. All facts that support your response, and the basis for those facts;
   b. All people with knowledge of those facts; and
   c. All documents that you relied upon that contain, refer, relate, or pertain to the factual and legal basis for your response.

**ANSWER:**

7

8. Please identify and state in detail all efforts made by you to obtain insurance coverage in connection with the Data Compromise Event and/or the Litigation. In doing so, please provide the following

    a. The dates of all correspondence and/or communications with each insurance company;

    b. The identity of the person most knowledgeable about those efforts; and

    c. All documents that contain, refer, relate, or pertain to those efforts.

**ANSWER**:


9. Please identify and state in detail all efforts made by you to negotiate the existence and/or amount of your actual or potential financial liability associated with the Data Compromise Event with Visa and/or MasterCard. In doing so, please provide the following

    a. The dates of all correspondence, communications, and /or negotiations;

    b. The identity of the person most knowledgeable about those efforts; and

    c. All documents that contain, refer, relate, or pertain to those efforts.

**ANSWER**:

FOX ROTHSCHILD LLP

Dated: August 7, 2014

By: /s/ *Joshua Horn*
Joshua Horn (admitted *pro hac vice*)
Amy C. Purcell (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
215-299-2000
Fax: 215-299-2150
Email: jhorn@foxrothschild.com
Email: apurcell@foxrothschild.com

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIM PLAINTIFFS FIRST DATA
MERCHANT SERVICES CORP. AND CITICORP
PAYMENT SERVICES, INC.

**Lucy T. Unger**, #36848
**Patrick I. Chavez**, #47732MO
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
314/345-5000
314/345-5055 (FAX)
lunger@wvslaw.com
pchavez@wvslaw.com

**Nicholas T. Solosky** (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
202-461-3100
Fax: 202-461-3102
Email: nsolosky@foxrothschild.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, I caused a copy of the foregoing to be served on the following via electronic mail and first class mail.

        Craig A. Hoffman
        Daniel R. Warren
        BAKER AND HOSTETLER
        312 Walnut Street
        Suite 3200
        Cincinnati, OH 45202

        David P. Niemeier
        Kevin F. Hormuth
        GREENSFELDER AND HEMKER, PC
        10 South Broadway
        Suite 2000
        St. Louis, MO 63102

        /s/ Joshua Horn