# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCHNUCK MARKETS, INC.,

    Plaintiff,

v.

FIRST DATA MERCHANT DATA
SERVICES CORP., and
CITICORP PAYMENT SERVICES, INC.,

    Defendants.

Case No. 4:13-CV-2226-JAR

The Honorable John A. Ross

## NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants/Counterclaim-Plaintiffs First Data Merchant Services Corp. and Citicorp Payment Services, Inc. (collectively, the "Defendants"), will take the deposition of Plaintiff, Schnuck Markets, Inc. ("Schnucks"), through one or more officers, directors, managing agents, or other persons whom Schnucks designates to testify on its behalf with respect to the topics for examination listed in Schedule A, attached hereto. The deposition will take place at the offices of Williams Venker & Sander, LLC, 100 North Broadway, 21st Floor, St. Louis, Missouri 63102 at a mutually agreeable date and time to be determined by the parties. The deposition will take place before a duly authorized court reporter and will continue from day to day until completed.

FOX ROTHSCHILD LLP

Dated: August 7, 2014

By: /s/ *Joshua Horn*
Joshua Horn (admitted *pro hac vice*)
Amy C. Purcell (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
215-299-2000
Fax: 215-299-2150
Email: jhorn@foxrothschild.com
Email: apurcell@foxrothschild.com

ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.

**Lucy T. Unger**, #36848
**Patrick I. Chavez**, #47732MO
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
314/345-5000
314/345-5055 (FAX)
lunger@wvslaw.com
pchavez@wvslaw.com

**Nicholas T. Solosky** (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
202-461-3100
Fax: 202-461-3102
Email: nsolosky@foxrothschild.com

## SCHEDULE A

I. **DEFINITIONS**

For the purposes of this deposition notice, the following definitions shall apply:

1. The word "document" includes, but is not limited to, those materials identified in Federal Rule of Civil Procedure 34, as well as any written or graphic matter of any kind or character, however produced, reproduced or stored; any electronically or magnetically recorded matter of any kind or character, however produced, reproduced or stored; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded and/or stored in writing, sound, electronic or magnetic impulse, or in any other manner including, but not limited to, paper, cards, tapes, film, electronic facsimile, e-mail, computer storage devices, hard drives, video, discs or any other media.

2. The word "identify," when used in reference to:

    a. A natural individual, requires you to state his or her full name, and present or last known residential address, business address, and telephone number;

    b. A business, requires you to state the full name or style under which the business is conducted, its business addresses, its telephone numbers and the identity of the persons who own, operate, and control the business;

    c. A document, requires you to state its title, its date, the names of its authors and recipients, and its present or last known location and custodian. If any document was, but no longer is, in your possession or subject to your control, state: (i) what disposition was made of it; (ii) the date thereof; (iii) the person responsible for making the decision as to such disposition; and (iv) the person responsible for carrying out such disposition; and

   d. A communication, requires you, if any part of the communication was written, to identify the documents which refer to or evidence the communication and, if any part of the communication was non-written, to identify the person participating in or otherwise present during all or part of the communication, and describe the substance thereof.

3. The pronouns "you" and "your" refer to the party to whom this notice is addressed, and the party's successors, assigns, employees, agents, attorneys, and all other persons purporting to act on the party's behalf.

4. "First Data" means Defendant First Data Merchant Services Corp.

5. "Citicorp" means Defendant Citicorp Payment Services, Inc.

6. The term "Litigation" refers to the above-captioned litigation in the United States District Court for the Eastern District of Missouri, Case No. 4:13-CV-2226-JAR.

7. The terms "Complaint," "Answer," "Counterclaim," and "Answer to Counterclaim" refer to the pleadings filed by the parties in this case (ECF Docket Nos. 9, 23, and 30, respectively).

8. The terms "Master Services Agreement" and "Merchant Services Bankcard Addendum" refer to the agreements defined in paragraph 16 of the Complaint.

9. The term "Contract" refers to the integrated agreement consisting of the Master Services Agreement, Merchant Services Bankcard Addendum, and Operating Procedures, as set forth in paragraphs 16-17 of the Complaint.

10. The word "or" means and/or.

11. The term "PCI DSS" shall mean "Payment Card Industry Data Security Standards."

12. The term "Data Compromise Event" shall refer to the alleged cyber-attack described in paragraphs 24-26 of the Complaint.

13. The term "Reserve Account" shall refer to the account described in paragraph 30 of the Complaint.

14. The term "Networks" refers to the applicable credit card networks, as defined in paragraph 13 of the Complaint.

## II. TOPICS FOR EXAMINATION

Defendants seek the person(s) designated by Schnucks as the most knowledgeable about the following topics:

1. The negotiation of the Master Services Agreement.

2. The negotiation of the Merchant Services Bankcard Addendum.

3. Communications and/or discussions with First Data and/or Citicorp regarding the Contract and/or the Data Compromise Event.

4. Schnucks' duties and obligations under the Contract.

5. Schnucks' communications, discussions, and/or negotiations with Visa and/or MasterCard regarding the actual or potential financial responsibility associated with the Data Compromise Event.

6. Schnucks' communications and/or discussions with Visa and/or MasterCard regarding the Contract, First Data and/or Citicorp.

7. Schnucks' claim for insurance coverage for any loss arising out of or associated with the Data Compromise Event and/or the Litigation.

8. Documents or other information that Schnucks relied upon at the time it signed the Contract to support your contention that any liability associated with the Data Compromise Event assessed through to Schnucks from Visa and/or MasterCard would be subject to the limitation of liability found in Section 5.4 of the Master Services Agreement.

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, I caused a copy of the foregoing to be served on the following via electronic mail and first class mail.

Craig A. Hoffman
Daniel R. Warren
BAKER AND HOSTETLER
312 Walnut Street
Suite 3200
Cincinnati, OH 45202

David P. Niemeier
Kevin F. Hormuth
GREENSFELDER AND HEMKER, PC
10 South Broadway
Suite 2000
St. Louis, MO 63102

/s/ Joshua Horn