# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., : | |
| : | |
| Plaintiff, : | |
| : | Case No.  4:13-CV-2226-JAR |
| v. : | |
| : | The Honorable John A. Ross |
| FIRST DATA MERCHANT DATA : | |
| SERVICES CORP., and : | |
| CITICORP PAYMENT SERVICES, INC., : | |
| : | |
| Defendants. : | |

## DEFENDANTS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY DISCOVERY

Defendants/Counterclaim-Plaintiffs First Data Merchant Services Corp. ("First Data") and Citicorp Payment Services, Inc. ("Citicorp") (collectively, the "Defendants") submit this Opposition to Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc.'s ("Schnucks" or "Plaintiff") Motion to Stay Discovery.  For the reasons set forth below, this Court should deny the Motion and allow Defendants to proceed with the narrowly-targeted discovery already served on Plaintiff concerning the negotiation and interpretation of the Master Services Agreement ("MSA") and Schnucks' response to the data compromise event.

I.      ARGUMENT

Schnucks, as the plaintiff, seeks the highly unusual remedy of staying discovery in a case that it initiated against Defendants – and with respect to narrow issues of fact that Schnucks explicitly created.  Schnucks does not and cannot offer any argument that this Court must presumptively grant its Motion to Stay Discovery simply because there are dispositive motions pending.[1]  To the contrary, courts in this Circuit have plainly stated that, "[o]f course, the pendency of a dispositive motion is not, by itself, sufficient to stay discovery." *Tinsley v. Kemp*, 750 F.Supp. 1001, 1013 (W.D. Mo. 1990) (emphasis added).  Instead, when considering a motion to stay, this Court looks to equitable factors, including prejudice to the non-moving party and the conservation of judicial resources.  *SSDD, LLC v. Underwriter's at Lloyd's, London*, 2013 WL 2420676, *2 (E.D. Mo. June 3, 2013).  Here, a balancing of the equities confirms that the fairest and most reasonable course of action is to allow Defendants to proceed with the limited discovery already served on Plaintiff and, accordingly, adhere to the Case Management Order established by this Court (Docket Entry # 34).

A.      **A Stay of Discovery Will Unfairly Prejudice Defendants**

Plaintiff's Motion to Stay claims that discovery is not needed because the pending Cross-Motions for Judgment on the Pleadings agree that the language of the MSA is unambiguous and, therefore, can be interpreted in accordance with its plain meaning.  Plaintiff's Motion to Stay, Doc.

---

[1] Plaintiff's Motion cites to only one, unpublished opinion where this Court elected to stay discovery pending a ruling on a dispositive motion.  *See* Plaintiff's Motion to Stay, Doc. # 60, at 3.  The decision to stay discovery in *Arnold v. DirectTV, Inc.*, Case No. 4:10-cv-00352, Docket Entry No. 46 (E.D. Mo. Oct. 8, 2012) was based on a pending, dispositive motion to dismiss concerning the application of the first-to-file rule.  If granted, the motion would have resulted in the complete dismissal of the case in favor of litigation in a different district court.  There is no such jurisdictional concern here.  If the pending Cross-Motions for Judgment on the Pleadings are denied (or otherwise only granted in part), this case will continue to trial in this Court.

2

# 60, at 3.  This proposition is true with respect to Defendants' Motion for Judgment on the Pleadings, which Defendants were forced to pursue based on Plaintiff's attempt to avoid its clear financial responsibility for the consequences of Schnucks' data breach when it was not security compliant.  As demonstrated in Defendants' Motion, Schnucks' financial liability flows directly from the plain language of the MSA, together with its tri-partite agreements.  *See* Defendants' Motion for Judgment on the Pleadings, Doc. # 38, at 11-15.

While Plaintiff's Cross-Motion for Judgment on the Pleadings superficially asserts that it relies on the same unambiguous language, Schnucks' arguments reveal otherwise.  Rather than exclusively relying on the MSA, Plaintiff's Cross-Motion cites to sources outside the four corners of the contract to retroactively interpret the parties' intent behind the MSA.  Most notably, and as recently discussed in Defendants' Sur-Reply Memorandum (*see* Doc. # 55),  Plaintiff relies on the Visa Global Compromised Account Recovery ("GCAR") and MasterCard Account Data Compromise Recovery ("ADCR") operating programs to support its untenable interpretation of the MSA's limitation of liability provision.[2]  *See* Plaintiff's Cross-Motion, Doc. # 44, at 9-10, 15-18; Plaintiff's Reply, Doc. # 52, at 6-7.  Tellingly, Plaintiff's arguments rely on the *current* version of the Visa GCAR – not the Visa operating program in place at the time of the contract.  *See* Defendants' Sur-Reply, Doc. # 55 at 2-6.

---

[2]    While the Visa and MasterCard operating programs are incorporated as part of the MSA, Plaintiff repeatedly uses the content of the programs (and their respective rules) to interpret the actual contract language at issue.  Thus, Plaintiff's Cross-Motion for Judgment on the Pleadings does not exclusively rely – as its Motion to Stay claims – on the plain and unambiguous language of the MSA.  *See e.g.*, Plaintiff's Cross-Motion, Doc. # 44, at 16 (using the Visa operating program rules as a tool to interpret the MSA).  Defendants are entitled to discovery to determine the actual nature of Schnucks' purported contemporaneous reliance on the Associations' operating programs, relative to its intent to enter into the MSA.

Further, Schnucks relies on out-of-context sources with no relevance to the parties or this case to interpret the MSA.  Specifically, Schnucks cites to and relies on Visa's argument concerning the nature of its financial assessments against a merchant in an unrelated case – *Genesco, Inc. v. Visa U.S.A., Inc.*, Case No. 3:13-cv-202, 2013 WL 3790647 (M.D. Tenn. July 18, 2013) –  in order to support its position against Defendants.  Plaintiff's Reply, Doc. # 52, at 4, n.3.

Plaintiff's attempt to rely on sources outside of the MSA (including at least one source that literally did not exist at the time the contract was drafted) creates a significant factual issue on Schnucks' Cross-Motion between Schnucks' actual intent in entering into the MSA and its *post hoc* legal arguments to circumvent its clear financial responsibility.  Defendants will be prejudiced if there is no opportunity to explore these issues through limited discovery.  At a minimum, Plaintiff should be required to respond to Defendants' already served discovery with respect to the following subjects:

- The negotiation and drafting of the MSA and its incorporated agreements, including documents or other information that Schnucks relied upon at the time it signed the contract;
- Schnucks' communications, discussions, and/or negotiations with Visa and/or MasterCard regarding the actual or potential financial responsibility arising out of the data compromise event; and
- Schnucks' claim for insurance coverage for any loss arising out of or associated with the data compromise event and/or this litigation.

Plaintiff's Cross-Motion for Judgment on the Pleadings opened the door to this type of discovery, and equitable considerations of fairness dictate that Defendants be allowed to proceed without delay.

### B.  A Stay of Discovery is Inconsistent with the Equitable Interest of Judicial Economy

Plaintiff's Motion to Stay shortsightedly claims that a stay is consistent with principles of judicial economy.  Plaintiff's Motion to Stay, Doc. # 60, at 3-4.  While Defendants are sensitive to the costs of discovery, keeping this case on the schedule established by this Court will, in the long run, be in the best interest of both parties, as well as the Court.

On April 18, 2014, the Court entered a Case Management Order setting a discovery end date of November 18, 2014, and an ultimate trial date of April 6, 2015.  *See* Docket Entry # 34.  The parties have already submitted to ADR as provided for in the Case Management Order.  *See* Docket Entry # 39.  By permitting Defendants to proceed with the narrowly-tailored discovery outlined above, the parties can maintain the Court ordered schedule with a definitive date of closure.  Such long-term security (when compared with the short-term costs focused on by Plaintiff) is more compatible with judicial economy.

## II.  CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Stay and allow Defendants to proceed with the discovery already served on Plaintiff in this case.

Respectfully Submitted,

FOX ROTHSCHILD LLP

Dated:  August 21, 2014                By:    */s/ Joshua Horn*
Joshua Horn (admitted *pro hac vice*)
Amy C. Purcell (admitted *pro hac vice*)
2000 Market Street, 10th Floor
Philadelphia, PA 19103
215-299-2000
Fax: 215-299-2150

                      Email: jhorn@foxrothschild.com
                      Email: apurcell@foxrothschild.com

                      ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS FIRST DATA MERCHANT SERVICES CORP. AND CITICORP PAYMENT SERVICES, INC.

**Lucy T. Unger**, #36848
**Patrick I. Chavez**, #47732MO
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
314/345-5000
314/345-5055 (FAX)
lunger@wvslaw.com
pchavez@wvslaw.com

**Nicholas T. Solosky** (admitted *pro hac vice*)
FOX ROTHSCHILD LLP
1030 15th Street, N.W.
Suite 380 East
Washington, DC 20005
202-461-3100
Fax: 202-461-3102
Email: nsolosky@foxrothschild.com