UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SCHNUCK MARKETS, INC., | ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 4:13CV2226 JAR |
| FIRST DATA MERCHANT DATA SERVICES CORP., and CITICORP PAYMENT SERVICES, INC. | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**<u>PLAINTIFF SCHNUCK MARKETS, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY</u>**

The procedural posture of this case is relatively uncommon—both sides agree that the contract language at issue is unambiguous and have filed competing motions for judgment on the pleadings asking the Court to issue a dispositive ruling. Accordingly, a stay of discovery is warranted pending the resolution of the parties' fully-briefed, dispositive cross-motions.

Defendants, however, inexplicably propose that the parties incur the unnecessary time and expense associated with discovery even though: (1) Defendants do not challenge the fact that a ruling granting either parties' motion would be dispositive; (2) the discovery they seek does not impact the pending cross-motions; and (3) Defendants have not articulated any prejudice if discovery is stayed. Indeed, Defendants, who are holding the money Schnucks brought this action to recover, failed to articulate any meaningful reason to incur the costs of answering interrogatories, producing documents, and conducting depositions given the posture of this case. Rather, all of the factors to consider weigh overwhelmingly in favor of staying discovery.

## I. ARGUMENT

Defendants failed to adequately explain why they oppose staying discovery in a case where they contend—as does Schnucks—that the Court should issue a dispositive ruling as a matter of law based on the interpretation of an unambiguous contract. Because their conduct is incongruent, to have a basis to oppose the stay that does not undercut their own motion for judgment on the pleadings, Defendants have invented a factual issue to justify claiming a need for discovery. It is undisputed that discovery is only necessary if the Court overrules both cross-motions. This Court should follow the lead of numerous courts, including this Court, and grant a stay pending resolution of the parties' cross-motions. *See, e.g., SSDD, LLC v. Underwriter's at Lloyd's, London*, 2013 WL 2420676, at *4-5 (E.D. Mo. June 3, 2013); *Arnold v. DirectTv, Inc.*, Case No. 4:10-cv-00352, Dkt. No. 46 (E.D. Mo. Oct. 8, 2012); *see also Steinbuch v. Cutler*, 518 F.3d 580, 584-85 (8th Cir. 2008) (noting that the district court granted a motion to stay discovery pending resolution of a motion to dismiss).

### A. Granting Either Party's Cross-Motion for Judgment on the Pleadings Will Entirely Eliminate the Need for Discovery

The parties have filed competing motions for judgment on the pleadings. Both parties agree that the parties' contract is unambiguous. Schnucks argues that, pursuant to the plain language of the parties' agreement, the obligation to indemnify Defendants for issuer losses is limited to $500,000. Defendants argue that the limitation does not apply to issuer losses because an exception applies. An order granting either motion will be dispositive of the case. Defendants do not argue otherwise in their opposition to the motion to stay. Accordingly, Schnucks has shown "good cause" for a stay of discovery because granting either party's motion would "entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685

(M.D. Fla. 2006) (internal quotation omitted); *see also Anderson v. United States Attorney's Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992).

### B. Defendants Failed to Identify Any Prejudice

Defendants state in the heading for Section I(A) of their brief that they will be unfairly prejudiced by a stay. (Defs' Opp., Doc. # 61, at 2.)  However, in their misleading argument that follows (further addressed in section C. below), Defendants appear to concede that they would only suffer prejudice if the Court overrules both cross-motions and precludes Defendants from conducting any discovery.  Schnucks' motion did not ask the Court to preclude all discovery—it only seeks a short stay until the cross-motions are adjudicated.  Defendants' unfounded, strawman prejudice argument merits no further consideration.

### C. Defendants' Statements About Discovery Are Erroneous and Misleading

Defendants filed an opposition to Schnucks' motion for judgment on the pleadings and a sur-reply.  Neither pleading alleged a factual dispute.  As part of their contrived need for discovery, Defendants change a legal argument from their sur-reply into an erroneous contention that Schnucks "cite[d] to sources outside the four corners of the contract to retroactively interpret the parties' intent behind the MSA." (*Id.* at 3.)  The response filed by Schnucks to the sur-reply explained why Defendants' legal argument failed.  (Doc # 58, at 3-6.)  This reformulated contention made in opposition to a stay also fails.  Defendants acknowledge that they are wrong in a footnote inserted one sentence after they make their erroneous claim that Schnucks relied on sources outside the parties' agreement.

Indeed, Defendants state in the footnote that the two sources they alleged were outside the contract—the Visa and MasterCard operating regulations—are actually "*incorporated as part of the MSA*." (Defs' Opp., at 3, n. 2 (emphasis added).)  Not only are the card network operating

3

1497363

regulations not external sources, because they are as much a part of the parties' contract as the language in the MSA, they should be relied on to interpret the plain meaning of the limitation of liability provision (something Schnucks did and Defendants tellingly have tried to ignore).[1] *See, e.g., Jim Carlson Constr. Inc. v. Bailey,* 769 S.W.2d 480, 481 (Mo. App. W.D. 1989) ("matters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract *haec verba*.")  Indeed, Defendants' briefs on the cross-motions ignored the language from the Visa and MasterCard assessment programs because they do not support Defendants' interpretation of the parties' contract.  Neither party argues that the language in the assessment programs, which create the basis for issuer loss liabiliy, creates ambiguity.  Accordingly, relying on the assessment programs' language, which again is part of the parties' contract, does not and cannot create a factual issue as to Schnucks' intent in entering into the parties' agreement.  Because the contract is unambiguous, the parties' intent is set forth in the language of the contract.

Defendants' argument in opposition to a stay strays even farther when they argue that a case citation by Schnucks regarding a legal argument made by Visa regarding its assessment program is an "out-of-context source." (Defs' Opp. at 3-4.)  Defendants do not bother to explain what an "out-of-context source" actually is.  Nevertheless, Schnucks cited to a legal argument made by Visa in the *Genesco* case that its operating regulations permit it to assign liability to acquiring banks for issuer losses as liquidated damages and not an unenforceable penalty.  (Pl's Reply, Doc. # 52, at 4, n. 3 (citing *Genesco, Inc. v. Visa U.S.A., Inc.*, Case No. 3:13-cv-202, 2013 WL 3790647 (M.D. Tenn. July 18, 2013).)  Schnucks did so as further support to show the holes

---

[1] As part of their misdirection and confusion tactics, Defendants again assert that Schnucks relied on the current GCAR program instead of the ADCR program that existed in 2011.  As Schnucks previously explained, Visa simply re-named its ADCR program to GCAR, there are no substantive differences between the GCAR and ADCR programs, and Schnucks referenced the GCAR program because that is the program under which the issuer loss liability at issue in this case is subject to the $500,000 limitation arises.  (Schnucks' Resp., Doc. # 58, at 3-6.)

4                                                                                                                    1497363

in Defendants' argument that liability for issuer losses could somehow fit under the "fine" or "penalty" terms in the exception clause to the limitation of liability upon which Defendants rely. Because the plain meaning of fine and penalty is enough to demonstrate that liability for issuer losses is not a fine or penalty, looking to the case citation is simply instructive.  And it is disingenuous for Defendants to contend that a reference to a decision rendered in an unrelated case in 2013 could ever "open the door" for discovery regarding the intent of the parties in forming a contract in 2011.  Further, for the same reasons, two of the three subjects for which Defendants claim the need for discovery—communications with Visa and MasterCard regarding financial responsibility arising out of the 2013 data compromise event and insurance coverage for the 2013 data compromise event—obviously could not have any bearing on Schnucks' intent in 2011.

With respect to the third category of purportedly narrow discovery Defendants are seeking—information regarding negotiating and drafting the contract—such discovery would only be necessary if this Court were to disagree with the parties and find that the contract language at issue is ambiguous. *See, e.g.*, *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 131 (Mo. banc 2007).  Contrary to Defendants' assertion, no argument made in any of the briefs related to the cross-motions "opened the door to … discovery."  (Defs' Opp. at 4.)  Moreover, there is no contention by any party that discovery is necessary to resolve the pending cross-motions as both parties agree that the unambiguous contract should be enforced as written.

Defendants cannot show any prejudice that will result if they cannot obtain the discovery they seek until after the court rules on the parties' cross-motions.  Defendants already have taken the money at issue from Schnucks.  By contrast, allowing discovery to proceed, even on

1497363

Defendants' so-called "narrowly-tailored discovery" would prejudice Schnucks.[2]  The three subjects that Defendants now seek discovery on are actually quite broad.  It will require Schnucks to spend time and money that will have been wasted if the Court, as the parties have requested, grants one of the cross-motions.  This can be avoided at no cost to Defendants by staying discovery until the Court has considered and resolved the parties' motions.

### D. A Stay of Discovery Will Conserve Resources

A stay of discovery will conserve the resources of the parties and the Court.  Both parties will be saved the expense of engaging in discovery that may ultimately be unnecessary.  Schnucks is seeking a short stay of discovery until the Court resolves the parties' cross-motions.  A stay of discovery will undoubtedly promote "economy of time and effort for [the Court], for counsel, and for litigants."  *Landis*, 299 U.S. at 254.

### III. CONCLUSION

For the foregoing reasons and the reasons stated in its Motion, Schnucks respectfully requests that this Court enter a stay of discovery pending resolution of the parties' cross-motions for judgment on the pleadings.

---

[2] Defendants originally served 28 document requests, 11 interrogatories plus subparts, and a Rule 30(b)(6) deposition with eight separate topics for examination.  (Exhibits A-D, attached to Pl's Mot., Doc. # 60.)   All of which would be completely unnecessary if this Court grants either party's motion.

Dated: August 28, 2014

Respectfully submitted,

By:     /s/ *Kevin F. Hormuth*
Kevin F. Hormuth, No. 48165 MO
David P. Niemeier, No. 50969 MO
GREENSFELDER, HEMKER & GALE, PC
10 South Broadway, Suite 2000
St. Louis, MO  63102
kfh@greensfelder.com
dpn@greensfelder.com
Telephone: 314.241.9090
Facsimile: 314.345.5466

Craig A. Hoffman (*pro hac vice*)
cahoffman@bakerlaw.com
Telephone:  513.929.3491
Facsimile:  513.929.0303

*Attorneys for Plaintiff Schnuck Markets, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 28th of August, 2014, the foregoing *Reply Memorandum in Support of Plaintiff's Motion to Stay Discovery* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ *Kevin F. Hormuth*
Kevin F. Hormuth

1497363