**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-cv-2226-JAR |
| | ) |
| FIRST DATA MERCHANT DATA | ) |
| SERVICES CORP. AND CITICORP | ) |
| PAYMENT SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL**

Defendants/Counterclaim-Plaintiffs First Data Merchant Data Services Corporation

and Citicorp Payment Services, Incorporated (collectively "Defendants") hereby respectfully

move, pursuant to E.D. Mo. L.R. 13.05, to file under seal certain documents and

communications created by third-parties or exchanged with third-parties that contain

information designated confidential or that are considered confidential by the authors and/or

recipients.  In support of the instant Motion, Defendants state:

**BACKGROUND**

1.     Defendants have filed, contemporaneously herewith, their Motion for

Reconsideration or, in the Alternative, Motion for Leave to Amend Pleadings (the "Motion

for Reconsideration").  In the Motion for Reconsideration, Defendants seek reconsideration,

pursuant to Federal Rule of Civil Procedure 54(b), of the January 15, 2015 Memorandum and

WEIL:\95240601\2\45382.0009

Order [Doc. No. 69] (the "Order"), insofar as the Court granted Plaintiff Schnuck Markets, Inc.'s ("Plaintiff") Cross-Motion for Judgment on the Pleadings [Doc. No. 43].

2.    In connection with the Motion for Reconsideration, Defendants seek to have the Court consider certain documents and communications created by third parties that are designated "confidential" and/or are treated as "confidential" by the creators of the documents or between the parties to communications.

3.    Defendants seek to file completely under seal two such communications, referred to in the Motion for Reconsideration as Exhibits C and F, which are confidential correspondence from MasterCard and Visa, respectively.  With respect to Exhibit C, the MasterCard correspondence, the December 11, 2014 MasterCard Rules ("MasterCard Rules") require a "Customer" not to "disclose confidential information."  *See* MasterCard Rules § 3.12 (Confidential Information of the Corporation and the Corporation's Affiliates).  Moreover, MasterCard views and treats all such communications with its Customers as confidential.  With respect to Exhibit F, the December 29, 2014 Letter From Visa to Citicorp Payment Services, Inc. is stamped with the phrase "Visa Confidential" on the bottom.  Additionally, the October 26, 2014 Visa International Operating Regulations ("2014 VIOR") requires that "Members" maintain "Visa Confidential information in strict confidence," and take care not to disclose such information to third parties.  *See e.g.*, 2014 VIOR §§ 1.1.5.1 (Visa Confidential Materials – Member Responsibilities), 1.1.5.3 (Disclosure of Confidential Information to Contractors, 1.1.5.4 (Confidentiality of Visa Systems Information).

2

4.      Defendants are also filing under seal, unredacted versions of Exhibits A, B, and D (together, with Exhibits C and F, the "Documents"), which were attached to their publicly filed Motion for Reconsideration in redacted form.  These Documents will be hand-delivered to the Court for its information and consideration.

5.      While "[t]here is a common-law right of access to judicial records … [t]he Eighth Circuit has held that this right of access 'is not absolute, but requires a weighing of competing interests.'  A court has supervisory power over its own records, and the decision to seal a file is within the court's discretion."  *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) (quoting *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co*., 898 F.2d 1371, 1376 (8th Cir. 1990); *see also* Mello v. UNUM Corp., No. 4:13CV2543 NCC, 2014 WL 431042, at *4 (E.D. Mo. Feb. 4, 2014) ("right to inspect and copy judicial records is not absolute"  and noting that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.") (citations omitted).

6.      Local Rule 83-13.05(A) provides that, "[u]pon a showing of good cause the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal."

7.      Good cause to seal these documents exists here because "[t]he exhibits at issue here involve [] business dealings that are collateral to the issues in this case and they implicate the confidentiality of parties not involved in the current case."  *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2011 WL 4947343, at *5 (D. Ariz. Oct. 18, 2011) *on reconsideration*, 2011 WL 5190264 (D. Ariz. Nov. 1, 2011) (finding moving party had shown compelling reasons to file documents concerning party's confidential business

3

dealings with third parties under seal); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons to seal portion of declaration containing confidential information that would result in competitive harm to third parties if disclosed).  Moreover, "[t]he sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure." *Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*,331 F.3d 1122, 1137 (9th Cir. 2003)

8.      To protect the confidentiality of these third-party documents and communications, Defendants respectfully request that the Court seal the Documents filed herewith.

9.      Defendants' counsel met and conferred with Plaintiff's counsel in good faith about the filing of the instant Motion, which Plaintiff's counsel has advised they will oppose.

## CONCLUSION

**WHEREFORE** Defendants respectfully request that the Court grant the instant Motion, permitting Defendants to file the documents and communications from third parties containing confidential information under seal.

Dated: February 12, 2015                  Respectfully submitted,


__/s/_ Edward Soto_____


4

Edward Soto (*pro hac vice*)
edward.soto@weil.com
P. Christine Deruelle, Esq. (*pro hac vice*)
christine.deruelle@weil.com
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Telephone:     (305) 577-3100
Facsimile:      (305) 374-7159

Jonathan D. Polkes (*pro hac vice*)
jonathan.polkes@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York  10153
Telephone:     (212) 310-8881
Facsimile:      (212) 310-8007

Lucy T. Unger (No. 36848)
lunger@wvslaw.com
Lisa Larkin (No. 46796MO)
llarkin@wvslaw.com
Bank of America Tower
100 North Broadway, 21st Floor
St. Louis, Missouri, 63102
Telephone:     (314) 345-5000
Facsimile:      (314) 345-5055

*Counsel for Defendants/Counterclaim-Plaintiffs First Data Merchant Data Services Corporation and Citicorp Payment Services Incorporated*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was filed electronically with the Clerk of the Court of the United States District Court for the Eastern District of Missouri using CM/ECF on February 12, 2015 and, as such, was served on all parties of record by operation of the CM/ECF system.

By:__/s/__P. Christine Deruelle_____
P. Christine Deruelle (*pro hac vice*)
christine.deruelle@weil.com
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Telephone:    (305) 577-3100
Facsimile:    (305) 374-7159

*Counsel for Defendants/Counterclaim-Plaintiffs First Data Merchant Data Services Corporation and Citicorp Payment Services Incorporated*

6

WEIL:\95240601\2\45382.0009