UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCHNUCK MARKETS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-2226-JAR |
| | ) | |
| FIRST DATA MERCHANT DATA | ) | |
| SERVICES CORP. AND CITICORP | ) | |
| PAYMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST DATA MERCHANT SERVICES CORP.'S AND CITICORP
PAYMENT SERVICES, INC.'S UNOPPOSED MOTION FOR CERTIFICATION OF
FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

first Data Merchant Services Corp. ("First Data") and Citicorp Payment Services, Inc.

("Citicorp") (together, "Defendants"), hereby move pursuant to Federal Rule of Civil Procedure

54(b) for certification of the Court's January 15, 2015 Order as final judgment on Count II of

Plaintiff's Complaint and Defendants' Counterclaim.  In support of the Motion, Defendants state

as follows:

1.      On November 8, 2013, Plaintiff filed a two-count Complaint against Defendants

alleging a cause of action for breach of contract in Count I and seeking a declaratory judgment in

Count II.  (Doc. #9)

2.      On January 21, 2014, Defendants filed an Answer and one-count Counterclaim

seeking a declaratory judgment.  (Doc. #20).

3.      On February 11, 2014, Plaintiff filed an Answer to Defendants' Counterclaim.

(Doc. #30).

1

4.      On May 19, 2014, Defendants filed a Motion for Judgment on the Pleadings with respect to their declaratory judgment counterclaim and with respect to the Complaint ("Defendants' Motion"). (Doc. #37).

5.      On June 9, 2014, Plaintiff filed a Cross-Motion for Judgment on the Pleadings with respect to Defendants' Counterclaim and with respect to Count II of its Complaint seeking a declaratory judgment ("Schnucks' Motion"). (Doc #43).

6.      Following full briefing of the motions, on January 15, 2015, the Court denied Defendants' Motion and granted Schnucks' Motion ("January 15, 2015 Order") (Doc. #69), finding, in relevant part, "Schnucks' maximum liability under the terms of the Agreement for issuing bank losses assigned by the Associations for monitoring/card replacement and counterfeit fraud losses as a result of the data security breach is $500,000 and that Defendants must return to Schnucks any funds held in excess of that amount plus the Visa fine and the MasterCard case management fee." (*Id.*).

7.      On February 12, 2015, Defendants filed a Motion for Reconsideration of the Court's January 15, 2015 Order or, alternatively, for leave to amend their pleadings pursuant to Fed. R. Civ. P. 15(a)(2) ("Defendants' Motion for Reconsideration"). (Doc. #84).

8.      On February 27, 2015, Plaintiff filed a memorandum in opposition to Defendants' Motion for Reconsideration. (Doc. #93).

9.      Following full briefing on Defendants' Motion for Reconsideration, on July 31, 2015, the Court denied Defendants' Motion for Reconsideration, including the request for leave to amend pleadings ("July 31, 2015 Order") (together with the January 15, 2015 Order, the "Orders") (Doc. #98).

10.    Defendants hereby move for certification of the January 15, 2015 Order as final judgment pursuant to Rule 54(b), allowing Defendants to pursue interlocutory appeal of the Orders in the Eighth Circuit.

11.    Schnucks does not oppose this Motion for Certification of Final Judgment Pursuant to Rule 54(b). *See* Stipulation Regarding Count I of Plaintiff Schnucks Markets, Inc.'s Complaint and Unopposed Motion for Rule 54(b) Certification, filed concurrently herewith (the "Stipulation"). Schnucks advises, however, that its election to not oppose the motion should not be construed as joining Defendants' motion.

12.    Rule 54(b) certification is appropriate here because (i) there has been a final judgment on Count II and Defendants' Counterclaim (*see* July 31, 2015 Order at 9), and (ii) there is no just reason for delay. *See Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011) (When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. The "court must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim" and "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.")

13.    As to the second inquiry for Rule 54(b) certification, both the equities of the situation and judicial administrative interests counsel in favor of permitting an interlocutory appeal of the Orders such that there is no just reason for delay. Given the relationship between Counts I and II in Plaintiff's Complaint and the January 15, 2015 Order regarding Schnucks' Count II and Defendants' Counterclaim, further developments in the district court will not moot

the need for review of the Orders because the interpretation of Section 5.4 of the Parties' Agreement is critical to this litigation and will necessarily be addressed.[1]

14.    Moreover, the appellate court will not be obliged to consider the same issue a second time because, if the Eighth Circuit affirms the district court's rulings, Defendants will be collaterally estopped from re-litigating the issue of the correct interpretation of Section 5.4, upon which the January 15, 2015 Order relies.   Therefore, an immediate appeal is consistent with judicial administrative interests, particularly the interest in preventing piecemeal appeals.

15.    Defendants respectfully submit a Memorandum in Support of its Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b), which it adopts and incorporates by reference.

WHEREFORE, for all of the aforementioned reasons, as well as those set forth in the accompanying Memorandum, Defendants respectfully request that this Court grant their Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

Dated: November 2, 2015                          Respectfully submitted,


By:___ /s/Edward Soto_____
Edward Soto (*pro hac vice*)
edward.soto@weil.com
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Telephone:    (305) 577-3100
Facsimile:    (305) 374-7159

---

[1]    Nothing in this Motion or the Stipulation precludes Defendants from asserting other defenses to the breach of contract Claim in Count I, the un-adjudicated claim, that are not resolved by the issues decided by the appellate court by operation of collateral estoppel.

Jonathan D. Polkes (*pro hac vice*)
jonathan.polkes@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8881
Facsimile:     (212) 310-8007


By:___ */s/Lucy Unger*_____
Lucy T. Unger (No. 36848)
lunger@wvslaw.com
Lisa Larkin (No. 46796MO)
llarkin@wvslaw.com
WILLIAMS VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, Missouri, 63102
Telephone:     (314) 345-5000
Facsimile:     (314) 345-5055

*Counsel for Defendants/Counterclaim-Plaintiffs*
*First Data Merchant Data Services Corporation*
*and Citicorp Payment Services Incorporated*

## CERTIFICATE OF SERVICE

I certify that on November 2, 2015, First Data Merchant Services Corp.'s and Citicorp

Payment Services, Inc.'s Unopposed Motion for Certification of Final Judgment Pursuant to

Federal Rule of Civil Procedure 54(b) was filed electronically. Notice of this filing will be sent

to all parties by operation of the Court's electronic filing system. Parties may access this filing

through the Court's system.


By: */s/ Edward Soto*_____
Edward Soto (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

By:___*/s/Lucy Unger*_____
Lucy T. Unger (No. 36848)
lunger@wvslaw.com
Lisa Larkin (No. 46796MO)
llarkin@wvslaw.com
WILLIAMS VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, Missouri, 63102
Telephone:    (314) 345-5000
Facsimile:    (314) 345-5055

6