UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-cv-2226-JAR |
| | ) |
| FIRST DATA MERCHANT DATA | ) |
| SERVICES CORP. AND CITICORP | ) |
| PAYMENT SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
FIRST DATA MERCHANT SERVICES CORP.'S AND CITICORP
PAYMENT SERVICES, INC.'S UNOPPOSED MOTION FOR CERTIFICATION OF
FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

First Data Merchant Services Corp. ("First Data") and Citicorp Payment Services, Inc. ("Citicorp") (together, "Defendants"), submit this Memorandum in support of their Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) seeking certification of the Court's January 15, 2015 Order as a final judgment on Count II of Plaintiff's Complaint and Defendants' Counterclaim.

**I.   BACKGROUND**

On November 8, 2013, Schnuck Market, Inc. ("Schnucks" or "Plaintiff") filed a two count Complaint against Defendants alleging breach of contract (Count I) and seeking a declaratory judgment (Count II) related to Schnucks' liability arising out of a cyber-attack against Schnucks that targeted payment cards. (Doc. #9). On January 21, 2014, Defendants filed an Answer and one-count Counterclaim seeking a declaratory judgment as to Schnucks' liability under the parties' Agreement. (Doc. #20). Plaintiff subsequently filed an Answer to

Defendants' Counterclaim. (Doc. #30). On May 19, 2014, Defendants filed a Motion for Judgment on the Pleadings with respect to their declaratory judgment counterclaim and with respect to the Complaint ("Defendants' Motion") (Doc. #37). Thereafter, Plaintiff filed a Cross-Motion for Judgment on the Pleadings with respect to Count II of its Complaint seeking a declaratory judgment and with respect to Defendants' Counterclaim ("Schnucks' Motion"). (Doc. #43).

Following full briefing of the motions, on January 15, 2015, the Court denied Defendants' Motion and granted Schnucks' Motion ("January 15, 2015 Order") (Doc. #69). Under the January 15, 2015 Order, the Court found, in relevant part, "Schnucks' maximum liability under the terms of the Agreement for issuing bank losses assigned by the Associations for monitoring/card replacement and counterfeit fraud losses as a result of the data security breach is $500,000 and that Defendants must return to Schnucks any funds held in excess of that amount plus the Visa fine and the Mastercard case management fee." (*Id.*).

On February 12, 2015, Defendants filed a Motion for Reconsideration of the Court's January 15, 2015 Order ("Defendants' Motion for Reconsideration") or, alternatively, for leave to amend their pleadings pursuant to Fed. R. Civ. P. 15(a)(2). (Doc. #84). After full briefing, on July 31, 2015, the Court denied Defendants' Motion for Reconsideration, including the request for leave to amend the pleadings ("July 31, 2015 Order") (together with the January 15, 2015 Order, the "Orders") (Doc. #98).

Defendants now respectfully request that the Court certify the January 15, 2015 Order as a final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to those claims which are fully and completely resolved by them, allowing Defendants to pursue interlocutory appeal of the Orders in the Eighth Circuit. As discussed below, the Court has expressly reached a final

judgment as to Count II of the Complaint and Defendants' Counterclaim, and there is no just reason for delay. Indeed, the interpretation of Section 5.4 of the parties' Agreement is critical to this litigation and must be addressed. The Court should, therefore, grant Defendants' Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) and allow Defendants' to seek an interlocutory appeal.[1]

## II. <u>LEGAL STANDARD</u>

Under Rule 54(b), the district court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making its determination, the district court "must first determine that it is dealing with a final judgment . . . . in the sense that it is the ultimate disposition of an individual claim." *Outdoor Cent., Inc. v. GreatLodge.com., Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011). Next, "'[i]n determining that there is 'no just reason for delay,' the district court must consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals.'" *Id.* (citing *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 806-07 (8th Cir. 1993)). With respect to Count II of the Complaint and Defendants' Counterclaim, the January 15, 2015 Order satisfies each requirement.

## III. <u>ARGUMENT</u>

The Court's two-step analysis regarding Rule 54(b) certification begins with a determination that a final judgment has been made. *See Outdoor Cent.*, 643 F.3d at 1118. Here, the Court has reached a final judgment on Count II and Defendants' Counterclaim. *See* July 31,

---

[1] Plaintiff does not oppose the current Motion. *See* Stipulation Regarding Count I of Plaintiff Schnuck Markets, Inc's Complaint and Unopposed Motion for Rule 54(b) Certification, filed concurrently herewith (the "<u>Stipulation</u>"). Schnucks advises, however, that its election to not oppose this motion should not be construed as joining Defendants' motion.

3

2015 Order at 9 ("The grant of a motion for judgment on the pleadings constitutes a final judgment on the merits of the controversy within the meaning of Rule 54.").

Next, the Court must find that there is "no just reason for delay" by considering "both the equities of the situation and judicial administrative interests." *Outdoor Cent.*, at 1118. As to judicial administrative interests, the Court considers: (1) the relationship between the adjudicated and un-adjudicated claims; (2) the possibility that the need for review might be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) factors such as delay, economic and solvency considerations, and expenses. *See Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983).

The issue for which Defendants seek certification of final judgment revolves around the proper interpretation of Section 5.4 of the parties' Agreement. The interpretation of Section 5.4 of the Agreement underlies the adjudicated Count II and Defendants' Counterclaim and must be addressed in order to resolve all claims at issue in the litigation.[2] Moreover, for this reason, further developments in the district court will not moot the need for review of the Court's Orders. Indeed, addressing the contract interpretation issue at this time will only serve to streamline any further proceedings given the importance of the interpretation to the remaining claim, Count I. Finally, the reviewing court will not be obliged to consider the same issue a second time because, if the Eighth Circuit affirms the district court's ruling, Defendants will be collaterally estopped from re-litigating the issue of the correct interpretation of Section 5.4 of the Agreement, upon which the January 15, 2015 Order relies. Therefore, an immediate appeal is

---

[2] Nothing in this Motion or the parties' Stipulation precludes Defendants from asserting other defenses to the breach of contract claim in Count I, the un-adjudicated claim, that are not resolved by the issues decided by the appellate court by operation of collateral estoppel.

4

consistent with judicial administrative interests, particularly in preventing piecemeal appeals and streamlining the issues to be resolved in the district court.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

Dated: November 2, 2015    Respectfully submitted,

By: /s/ *Edward Soto*
Edward Soto (*pro hac vice*)
edward.soto@weil.com
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:   (305) 577-3100
Facsimile:    (305) 374-7159

Jonathan D. Polkes (*pro hac vice*)
jonathan.polkes@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8881
Facsimile:    (212) 310-8007

By: /s/ *Lucy Unger*
Lucy T. Unger (No. 36848)
lunger@wvslaw.com
Lisa Larkin (No. 46796MO)
llarkin@wvslaw.com
WILLIAMS VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, Missouri, 63102
Telephone: (314) 345-5000
Facsimile: (314) 345-5055
*Counsel for Defendants/Counterclaim-Plaintiffs First Data Merchant Data Services Corporation and Citicorp Payment Services Incorporated*

5

## CERTIFICATE OF SERVICE

I certify that on November 2, 2015, the foregoing Memorandum In Support of First Data Merchant Services Corp.'s and Citicorp Payment Services, Inc.'s Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ *Edward Soto*
Edward Soto (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

By: /s/Lucy Unger
Lucy T. Unger (No. 36848)
lunger@wvslaw.com
Lisa Larkin (No. 46796MO)
llarkin@wvslaw.com
WILLIAMS VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, Missouri, 63102
Telephone: (314) 345-5000
Facsimile: (314) 345-5055