UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCHNUCK MARKETS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:13CV2226 JAR |
| FIRST DATA MERCHANT DATA SERVICES CORP., and CITICORP PAYMENT SERVICES, INC. | ) ) ) ) |
| Defendants. | ) ) |

**STIPULATION REGARDING COUNT I OF
PLAINTIFF SCHNUCK MARKETS, INC.'S COMPLAINT
AND UNOPPOSED MOTION FOR RULE 54(b) CERTIFICATION**

Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc. ("Schnucks") and Defendants/Counterclaim-Plaintiffs First Data Merchant Service Corp. and Citicorp Payment Services Inc. (collectively, "Defendants") (together with Schnucks, the "Parties") respectfully submit this Joint Stipulation Regarding Count I of Schnucks' Complaint Pending Appeal.

1. On November 8, 2013, Schnucks filed a two-count Complaint against Defendants alleging a cause of action for breach of contract in Count I and declaratory judgment in Count II. (Doc. # 9.)

2. On January 21, 2014, Defendants filed an Answer and one-count Counterclaim seeking a declaratory judgment. (Doc. # 20.)

3. On February 11, 2014, Schnucks filed an Answer to Defendants' Counterclaim. (Doc. # 30.)

4. On May 19, 2014, Defendants filed a Motion for Judgment on the Pleadings with respect to their declaratory judgment counterclaim and with respect to the Complaint ("Defendants' Motion"). (Doc. # 37.)

5. On June 9, 2014, Schnucks filed a Cross-Motion for Judgment on the Pleadings with respect to Defendants' Counterclaim and with respect to Count II of its Complaint seeking a declaratory judgment ("Schnucks' Motion"). (Doc. # 43.)

6. On August 13, 2014, Schnucks filed a Motion to Stay Discovery ("Motion to Stay") (Doc. # 59).

7. On August 21, 2014, Defendants filed an Opposition to the Motion to Stay. (Doc. # 61).

8. On August 28, 2014, Schnucks filed a Reply in Support of its Motion to Stay. (Doc. #62).

9. On September 16, 2014, the Court granted the Motion to Stay. (Doc. # 64).

10. On November 17, 2014, the Court extended that stay of discovery until December 14, 2014. (Doc. # 65).

11. On January 22, 2015, the Court again extended the stay of the matter until February 12, 2015 with the consent of the parties. (Doc. # 70).

12. Following full briefing of the motions, on January 15, 2015, the Court denied Defendants' Motion and granted Schnucks' Motion ("January 15, 2015 Order") (Doc. # 69), finding, in relevant part, "Schnucks' maximum liability under the terms of the Agreement for

issuing bank losses assigned by the Associations for monitoring/card replacement and counterfeit fraud losses as a result of the data security breach is $500,000 and that Defendants must return to Schnucks any funds held in excess of that amount plus the Visa fine and MasterCard case management fee." (*Id.*)

13.     On February 12, 2015, Defendants filed a Motion for Reconsideration of the Court's January 15, 2015 Order ("Defendants' Motion for Reconsideration").  (Doc. # 84.)

14.     Alternatively, Defendants moved for leave to amend their pleadings pursuant to Fed. R. Civ. P. 15(a)(2).  (Doc. # 84)

15.     Defendants requested oral argument on Defendants' Motion for Reconsideration. (Doc. # 87)

16.     On February 27, 2015, Schnucks filed a memorandum in opposition to Defendants' Motion for Reconsideration. (Doc. # 93.)

17.     Following full briefing on Defendants' Motion for Reconsideration, on July 31, 2015, the Court denied Defendants' request for oral argument, denied Defendants' Motion for Reconsideration, and denied Defendants' alternative request to amend their pleadings. ("July 31, 2015 Order") (together with the January 15, 2015 Order, the "Orders") (Doc. # 98.)

18.     Defendants hereby move – and Schnucks does not oppose – for a certification, pursuant to Rule 54(b), of the Court's January 15, 2015 Order, allowing Defendants to pursue an interlocutory appeal of the Orders in the Eighth Circuit.

19. "When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. The court must first determine that it is dealing with a final judgment ... in the sense that it is an ultimate disposition of an individual claim." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011). Here, the district court has reached a final judgment on Count II and Defendants' Counterclaim. *See* July 31, 2015 Order at 9 ("The grant of a motion for judgment on the pleadings constitutes final judgment on the merits of the controversy within the meaning of Rule 54.").

20. Second, "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id.* As to judicial administrative interests, the Court considers: (1) the relationship between the adjudicated and un-adjudicated claims; (2) the possibility that the need for review might be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) factors such as delay, economic and solvency considerations, and expenses). *See Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983). Defendants believe that both the equities of the situation and judicial administrative interests counsel in favor of permitting an interlocutory appeal of the Court's Orders such that there is no just reason for delay.

21. Nothing in this Stipulation precludes Defendants from asserting other defenses to the breach of contract claim in Count I, the un-adjudicated claim, that are not resolved by the issues decided by the appellate court by operation of collateral estoppel.

22. Given the relationship between Counts I and II and the Order regarding Schnucks' Count II and Defendants' Counterclaim, further developments in the district court will not moot

the need for review of the Court's Orders because the interpretation of Section 5.4 of the Parties' Agreement is critical to this litigation and must be addressed.

23.  The reviewing court will not be obliged to consider the same issue a second time because, if the Eighth Circuit affirms the district court's rulings, Defendants will be collaterally estopped from re-litigating the interpretation of Section 5.4. Therefore, an immediate appeal is consistent with judicial administrative interests, particularly the interest in preventing piecemeal appeals.

24.  Given this posture, the Parties agree to stay prosecution and defense of Count I, including any related discovery, while Defendants pursue an interlocutory appeal of the Orders pursuant to Rule 54(b).

25.  The Parties further stipulate that, pursuant to the holding in the January 15, 2015 Order, Defendants are currently withholding $1,068,942.19 in excess of the $500,000.00 limitation of liability. The $1,068,942.19 figure is calculated as the difference between the amount of funds currently being withheld by Defendants of $1,768,942.19, and this Court's conclusion in the January 15, 2015 Order finding that "Schnucks' maximum liability under the terms of the Agreement for issuing bank losses assigned by the Associations for monitoring/card replacement and counterfeit fraud losses as a result of the data security breach is $500,000.00," and requiring that Defendants "return to Schnucks any funds held in excess of that amount [$500,000] plus the Visa fine and MasterCard case management fee." (January 15, 2015 Order at 17.) The Parties further stipulate that, pending appeal, Defendants will not withhold additional funds relating to the events at issue in the Complaint, and that Schnucks may use this stipulation

in obtaining a final judgment on Count I should the Eighth Circuit affirm the Court's January 15, 2015 Order.

26.     Nothing herein shall be construed as limiting Schnucks' right to seek attorneys' fees, costs and expenses, including those incurred on appeal, as well as pre-judgment interest on all amounts that at any time were withheld above the contractual limitations set forth in the judgment on Count I.

27.     Entry of this Joint Stipulation is without prejudice to the rights of any party to appeal any of the rulings of this Court since the inception of the Action, and all such rights are expressly reserved.

Dated: November 2, 2015                                         Respectfully submitted,

| | |
|---|---|
| By: /s/*Kevin Hormuth*<br>Kevin F. Hormuth, No. 48165 MO<br>David P. Niemeier, No. 50969 MO<br>GREENSFELDER, HEMKER & GALE, PC<br>10 South Broadway, Suite 2000<br>St. Louis, MO 63102<br>kfh@greensfelder.com<br>dpn@greensfelder.com<br>Telephone: 314.241.9090<br>Facsimile: 314.345.5466<br><br>Craig A. Hoffman (*pro hac vice*)<br>cahoffman@bakerlaw.com<br>Telephone: 513.929.3491<br>Facsimile: 513.929.0303<br><br>***Counsel for Plaintiff/Counterclaim-Defendant Schnuck Markets, Inc.*** | By: /s/*Edward Soto*<br>Edward Soto (*pro hac vice*)<br>edward.soto@weil.com<br>**WEIL, GOTSHAL & MANGES LLP**<br>1395 Brickell Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 577-3100<br>Facsimile: (305) 374-7159<br><br>Jonathan D. Polkes (*pro hac vice*)<br>jonathan.polkes@weil.com<br>**WEIL, GOTSHAL & MANGES LLP**<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8881<br>Facsimile: (212) 310-8007<br><br>By: /s/*Lucy Unger*<br>Lucy T. Unger (No. 36848)<br>lunger@wvslaw.com<br>Lisa Larkin (No. 46796MO)<br>llarkin@wvslaw.com<br>WILLIAMS VENKER & SANDERS LLC<br>100 North Broadway, 21st Floor<br>St. Louis, Missouri, 63102<br>Telephone: (314) 345-5000<br>Facsimile: (314) 345-5055<br><br>***Counsel for Defendants/Counterclaim-Plaintiffs First Data Merchant Data Services Corporation and Citicorp Payment Services Incorporated*** |

## CERTIFICATE OF SERVICE

I certify that on November 2, 2015, the foregoing *JOINT STIPULATION ON COUNT I OF PLAINTIFF SCHNUCK MARKETS, INC.'S COMPLAINT* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Edward Soto
Edward Soto (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

By: /s/ Lucy Unger
Lucy T. Unger (No. 36848)
lunger@wvslaw.com
Lisa Larkin (No. 46796MO)
llarkin@wvslaw.com
WILLIAMS VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, Missouri, 63102
Telephone: (314) 345-5000
Facsimile: (314) 345-5055