UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCHNUCK MARKETS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-CV-2226 JAR |
| | ) | |
| FIRST DATA MERCHANT DATA | ) | |
| SERVICES CORP., and CITICORP | ) | |
| PAYMENT SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 100) Schnucks does not oppose the motion and the parties have submitted a Joint Stipulation Regarding Count 1 of Schnucks' Complaint and Defendants' Unopposed Motion for Rule 54(b) Certification. (Doc. No. 102) The motion will be granted.

**Background**

The factual background of this case is set out in detail in the Court's January 15, 2015 Order. (Doc. No. 69) The parties' dispute arises from a cyber attack and data breach of Schnucks' payment and card processing systems in late 2012 through early 2013. The parties' relationship is governed by a Master Services Agreement ("MSA") between Schnucks and First Data, a Bankcard Addendum to Master Services Agreement ("Bankcard Addendum") between Schnucks, First Data, and Citicorp, and First Data's Program Terms and Conditions ("Operating Procedures") (collectively referred to as "the Agreement"). Schnucks alleged Defendants

1

breached the Agreement and sought a declaration as to Schnucks' liability under the Agreement. Defendants asserted a counterclaim against Schnucks for declaratory judgment as to Schnucks' liability under the Agreement. Both sides asserted the language of the Agreement was unambiguous. Neither side undertook any discovery and proceeded on cross-motions for judgment on the pleadings with respect to their declaratory judgment claims. On January 15, 2015, the Court denied Defendants' motion and granted Schnucks' motion, ruling that Schnucks' maximum liability under the terms of the Agreement for issuing bank losses assigned by the Associations for monitoring and/or card replacement and counterfeit fraud losses as a result of the data security breach was $500,000.00, and that Defendants must return to Schnucks any funds held in excess of that amount plus the Visa fine and MasterCard case management fee. (Doc. No. 69)

On February 12, 2015, Defendants filed a Motion for Reconsideration of the Court's January 15, 2015 Order or, alternatively, for leave to amend their pleadings pursuant to Fed. R. Civ. P. 15(a)(2). (Doc. No. 84) The motion was fully briefed by the parties. The Court denied Defendants' Motion on July 31, 2015. (Doc. No. 98)

Defendants now move for certification of the Court's January 15, 2015 Order as a final judgment on Count II of Schnucks' Complaint and Defendants' Counterclaim, allowing them to file an interlocutory appeal of both the January 15 and July 31, 2015 Orders in the Eighth Circuit. Schnucks does not oppose the motion.

**Legal standard**

The Federal Rules allow a court to enter final judgment upon fewer than all claims in a suit when there is "no just reason for delay." Fed. R. Civ. P. 54(b) ("When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party

claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."). The rule "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956).

When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. Williams v. Cnty. of Dakota, Neb., 687 F.3d 1064, 1067 (8th Cir. 2012). "The court must first determine that it is dealing with a final judgment ... in the sense that it is an ultimate disposition of an individual claim. Second, [i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals. Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. at 1067-68.

Factors that are relevant in considering whether to certify a judgment as final under Rule 54(b) include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Hayden v. McDonald, 719 F.2d 266, 269 (8th Cir.1983).

**Discussion**

Defendants assert the requirements of Rule 54(b) have been met because the Court has reached a final judgment on Count II of Schnucks' complaint and on Defendants' counterclaim. The Court agrees. The grant of a motion for judgment on the pleadings constitutes final judgment on the merits of the controversy within the meaning of Rule 54. Weger v. City of Ladue, 2004 WL 3651669, at *1-2 (E.D.Mo. Dec. 30, 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1372 (1990)).

In addition, the interpretation of Section 5.4 of the parties' Agreement underlies the adjudicated Count II and Defendants' Counterclaim and must be addressed in order to resolve Schnucks' remaining claim for breach of contract in Count I. Given the relationship between Counts I and II and the Court's Order, further developments in this Court will not moot the need for review of the Court's Orders. Finally, the reviewing court will not be obliged to consider the same issue a second time; if the Eighth Circuit affirms the Court's ruling, Defendants will be collaterally estopped from re-litigating the interpretation of Section 5.4 of the Agreement. Given this posture, the parties have agreed to stay prosecution and defense of Count I, including any related discovery, while Defendants pursue an interlocutory appeal of the Court's Orders. (Doc. No. 102 at ¶ 24) The parties have further stipulated that pending appeal, Defendants will not withhold additional funds relating to the events at issue in the Complaint, and that Schnucks may use their stipulation to obtain a final judgment on Count I should the Eighth Circuit affirm the Court's January 15, 2015 Order. (Id. at ¶ 25)

For these reasons, the Court finds the requirements of Rule 54(b) have been met and that there is no just reason for delay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Unopposed Motion for Certification of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [100] is **GRANTED**.

A separate judgment accompanies this Memorandum and Order.

Dated this 6th day of November, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**